E. M. ANSLEY V. THE STATE.

No. 6746.   Decided March 29, 1922.

1.—Assault to Murder—Amended Motion for New Trial—Pardon.

Where the matters set up in amended motion for new trial, if true, might be presented to another branch of the government, yet this court has no right of pardon, and can only pass upon the record made in the court below.

**2.—Same—Newly Discovered Evidence—Motion for New Trial—Insufficiency of the Evidence.**

Where it appeared upon appeal that the motion for new trial, because of newly discovered evidence, that not only the statements in the affidavit of appellant's witness were at variance with the testimony given by said witness on the trial, but were contradictory of the testimony of the witness, himself, etc., there was no error in overruling same.

**3.—Same—Evidence—Bill of Exceptions—Motive.**

On trial of assault with intent to murder, there was no error in admitting testimony by the prosecutrix that she was divorced from defendant, and that she was leading a life of prostitution and using the proceeds thereof to help to support the family, thus showing motive.

Appeal from the District Court of Stephens.　Tried below before the Honorable C. O. Hamlin.

Appeal from a conviction of assault to murder; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

The opinion states the case.

LATTIMORE, Judge.—A misleading caption in this case led us to a rather summary disposition of it recently in an opinion of date March 15th, but our attention having been called to our reliance upon said misleading caption, said opinion is withdrawn and the case will now be discussed and decided.

Appellant was convicted in the District Court of Stephens County of assault to murder, and his punishment fixed at five years in the penitentiary.

We regret that we do not feel at liberty to consider the matters of fact presented in appellant's amended motion for new trial, a hearing upon which was refused by the lower court. The matters therein set up, if true, may be presented to another branch of the government than ours. We have no right of pardon or other function save to decide whether or not one presenting his case before us on appeal has been fairly tried, and convicted upon sufficient evidence to warrant the verdict of the jury.

Appellant was convicted in the District Court of Stephens County of an assault to murder his divorced wife with whom he was living at the time of the alleged assault, and who was then admittedly engaged in a life of shame, carried on, as claimed by her, with appellant's knowledge and consent and whose proceeds went to the support of a family consisting of appellant, his divorced wife and their child, whose custody had been awarded to appellant in divorce.

proceedings.   On the night of the alleged assault the injured woman was out filling dates with men until a late hour.   During the night she seems to have had some words with appellant and their expressions indicate resentment of interference with freedom of action on her part.   After finishing with her customers the woman seems to have retired in a bed with appellant with whom she had some words at that time also.   Later in the night she was struck in the head with a hammer, and swore as a witness that when she screamed appellant told her to keep quiet or he would kill her, and that she recognized his voice.   Another witness who was present in the hospital in which the injured woman was confined after the alleged assault, testified to a conversation between the two in which appellant asked the woman what she was going to tell when she came to court; that upon her statement that she was going to tell the truth and that he did it, he replied that if she told he would put her back where she was.   The apparent defense was a claim that the injury was inflicted by another man, based upon a claim of a misunderstanding between said woman and one of her customers in the unfortunate business, it being claimed by appellant that when he heard the noise of the assault and awoke, he saw his wife lying in a pool of blood and saw this man who was called Mac, go out of the back door.

The record discloses that upon his conviction appellant filed a motion for new trial which was promptly overruled, and that when same was overruled he signed and had filed a waiver and requested that the court then sentence him, which was done.   No objection of any kind was then presented by appellant to this course of procedure. This took place on July 20, 1921.   Thereafter on August 3rd appellant filed a motion in the trial court asking that the order overruling his motion for new trial be set aside and that he be allowed to file and present an amended motion for new trial based upon alleged newly discovered testimony.   This request of appellant was refused and its refusal is made the sole basis of this appeal.   The newly discovered evidence referred to in said motion which the trial court refused to consider, is set forth in the affidavit of a daughter of appellant, in which she swears that she herself inflicted upon the alleged injured party the blows with a hammer which constituted the assault.   The record discloses further that this daughter of appellant who made this affidavit was a witness in his behalf on the trial, and that she swore that she was asleep and was aroused by the noise of the assault, and that she saw a shadow made by some one, the presumption being that it was the man testified to by appellant himself, as said person passed by outside a window.   She said she had been asleep up to the time prosecutrix was assaulted and was awakened by hearing her call and that as she awoke she saw the shadow mentioned but could not tell who it was.

It thus appears that not only were the statements in the affidavit

of appellant's daughter at variance with her own sworn testimony as given on the. trial, but same were contraditory of the testimony of appellant himself as well as that of the prosecutrix. We are not led to the belief that the trial judge abused his discretion in refusing to set aside the order overruling the motion for new trial.

Possibly we should not have stated that the refusal of said motion was the only matter here presented on appeal. There are two bills of exception in the record presenting objections reserved to the introduction of evidence during the trial. Appellant objected to the prosecutrix being allowed to state that she was divorced from him, and that she was leading a life of prostitution and using the proceeds thereof to help support the family. We think both these statements admissible as reflecting the relations of appellant and the woman at the time of the alleged assault and as shedding light on his motives, and as assigning reasons for his supposed action.

Finding no reversible error in the record the judgment of the trial court will be affirmed.

*Affirmed.*