ISIDOR CRUZ V. THE STATE.

No. 15900. Delivered June 21, 1933.
Rehearing Denied October 18, 1933.
Reported in 63 S. W. (2d) 556.

The opinion states the case.

*Clyde E. Thomas* and *Martelle McDonald,* both of Big Spring, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, assault with intent to murder; punishment, one year in the penitentiary.

The state's testimony shows that the appellant shot the injured party, Pete Correa, through the head. It seems that a party by the name of Diana and his wife were operating a restaurant in the city of Big Spring. The appellant had been in the cafe before the shooting and upon the request of the cafe owner had left, but he afterwards returned. The evidence further shows that the injured party came into the restaurant for the purpose of getting a cup of coffee, and while he was in the cafe Diana's wife again requested the appellant to leave, which the appellant refused to do. It seems that the injured party then told the appellant in effect that the woman was right and he ought to get out of the place, and thereupon appellant drew a pistol and shot him.

Appellant's version of the affair was that he came to the restaurant with a Mexican by the name of Jesus, and Jesus was drunk and wanted him to buy a gun that he had, that they went into the cafe together, and after they got inside Jesus began to curse him, and thereupon the lady keeper of the restaurant asked them to go outside. Appellant claimed that the reason he went back into the restaurant was because Jesus went in and he knew Jesus was drunk and he wanted to see if he could get him to go; that he took the pistol away from Jesus and put it in his pocket in order to prevent Jesus from using the pistol in any disturbance or fight he might start. He contended that he was doing nothing to warrant his being ordered out of the restaurant, but that Jesus was cursing and the woman asked both of them to leave. He further contended that, just before the injured party was shot, the said party was trying to pull something out of his pocket, and he saw a beer bottle in his pocket, and, when he saw the injured party reaching for the bottle in his pocket, he attempted to strike the injured party over the head with the pistol, and, when the injured party ducked, his pistol went off. He denied any intention of shooting the injured party.

The state's witnesses denied that the injured party had any beer bottle or that he made any effort to pull the bottle out of his pocket or that he made any assault or attempt to assault the appellant.

Appellant's motion for new trial was in part predicated upon newly discovered evidence; it being averred that since the trial of the case he had discovered the testimony of one Juan Ramirez whose testimony was a material issue for him on the

issue of self-defense. Attached to said amended motion for new trial was the affidavit of the said Juan Ramirez, signed and sworn to by him, to the effect that he was in the restaurant at the time of the shooting and he did not know the name of the man who was shot; that he heard the injured party say that he was going to throw the appellant out, and about that time he saw the injured party with a beer bottle in his pocket and looking at the appellant and muttering and cursing, and that the injured party was drunk, and it looked to the witness like he was about to get the beer bottle out when the appellant hit at him just as the gun went off; that he went on the outside when the injured party was taken out, and he noticed that he did not have a bottle in his pocket, and he never saw the bottle after that.

The state contested said motion for new trial, and the court heard evidence upon said motion and overruled same. On said hearing the said Juan Ramirez was not introduced as a witness, but the appellant and his brother testified. The sum and substance of their testimony was to the effect that they had made efforts to ascertain who was present at the time of the difficulty, but were unable to and had never heard of the testimony of the said Juan Ramirez until after the trial. The testimony further showed that both the appellant and his brother had lived for many years in the neighborhood of Big Spring and were well acquainted. . The evidence further showed that there were a number of persons present at the time of the difficulty. So far as the record shows, no subpoena had ever been asked by the appellant for any witness. It seems from the testimony of appellant's brother that, before he had ever interviewed or seen the newly discovered witness, Juan Ramirez, that the affidavit signed by the said Ramirez had been prepared, and he only signed it as prepared. Except as above stated, there was no evidence offered by appellant showing what diligence he had used or his brother had used to discover said evidence. The evidence shows that the appellant had been released on bond from the time of the difficulty.

In the light of all the testimony heard by the trial judge and the facts proven on the trial, we are not prepared to hold that the trial court did not correctly hold that proper diligence was not shown or that the trial court was not justified in concluding that the alleged newly discovered evidence was not probably true. In section 198, Branch's Ann. P. C., it is stated: "In addition to setting forth the facts in which the new testimony consists, the defendant must satisfy the court that the new testimony has come to his knowledge since the trial, and that it was

not owing to the want of due diligence that it was not discovered sooner." See Milam v. State, 66 Texas Crim. Rep., 249, 146 S. W., 185; Chappell vs. State, 72 Texas Crim. Rep., 192, 161 S. W., 964. We quote the rule from Branch's Ann. P. C., sec. 200, as follows: "Where it clearly appears that the newly discovered testimony is not probably true, either by reason of the facts proven at the trial or by the controverting affidavits on the motion, or otherwise, a new trial sought on that ground is properly denied." See Smith v. State, 73 Texas Crim. Rep., 145, 164 S. W., 825; Wilkerson v. State, 57 S. W., 956.

By bill of exception No. 1 appellant complains of the admission of certain testimony on the trial of the case. The bill as presented does not show sufficient surrounding facts to enable us to appraise same. As presented, no error is shown by said bill.

We are of the opinion that the testimony offered by the state, if believed, sustains the conviction.

No reversible error appearing in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In the motion for rehearing it is made apparent that at the cafe in which the injured party was shot there were a great number of people present at the time of the occurrence.

The new evidence upon which appellant relies in his motion for new trial is the affidavit of Juan Ramirez. According to the affidavit, Ramirez was in the restaurant in which the offense is claimed to have been committed. From the affidavit we quote: "Just a little bit after I went in, the Mexican that got shot, I didn't know his name then, who is Pedro, said that he was going to throw Isidor, the boy that did the shooting, out of the house. * * * I saw Pedro getting a beer bottle out of his pocket, looking at Isidor, muttering and cursing. Pedro was drunk. It looked like he was about to get the bottle out when Isidor hit at him just as the gun went off. * * * I went on the outside when Pedro was taken out and I noticed that Pedro didn't have the bottle in his pocket then but I never saw the bottle after that."

The affidavit was made in Dawson county, on the 28th of November, 1932, before Olive Meadors, a notary public.

Appellant was indicted on November 11, 1932. He was without knowledge that Ramirez, the maker of the affidavit, was present at the time of the shooting until his brother obtained notice that Ramirez was present.

Raymond Cruz, a brother of the appellant, testified upon the hearing of the motion for new trial that he was directed by the attorneys to find all persons who were present at the time of the shooting. What efforts the witness made to this end is not set out in any detail. Raymond Cruz was present in the cafe a few moments after the shooting. According to his testimony, a number of persons were present, some of whom he knew and some of whom he did not know. Among those whom he did know was Jesus, who was a brother of the maker of the affidavit. Raymond Cruz was well acquainted with the Mexican population in the neighborhood. The appellant was never sent to jail. His brother helped him in the trial. They had both lived in Big Spring during most of their lives. No reason is given for the failure to interview or produce at the trial the testimony of the other persons mentioned above who were present at the time of the shooting. The affidavit of Ramirez, according to the testimony, was prepared at Big Spring by the attorneys for the appellant. Apparently the appellant's brother, without having seen Ramirez or having talked to him, went to his dwelling-place and presented a prepared affidavit, which Ramirez signed and swore to. Ramirez lived at Lamesa. He was not present at the trial. No reason is given for the failure to produce him at the trial.

The action of the trial judge in refusing to grant the motion is regarded as binding upon this court. It is thought that the comments of this court in the case of Hughes v. State, 50 S. W. (2d) 824, are applicable in the disposition of the present appeal. The remarks are quoted as follows:

"Among other things requisite before a new trial will be granted for alleged newly discovered evidence are that the testimony claimed to have been discovered since the trial must (a) probably be true, and (b) it must appear reasonably probable, and that it would change the result upon another trial. See Branch's Ann. Tex. P. C., sec. 192, and cases thereunder cited; Northaf v. State, 91 Texas Crim. Rep., 378, 239 S. W., 215; 23 A. L. R., 1374; Gregory v. State, 105 Texas Crim. Rep., 674, 290 S. W., 176; McDowell v. State, 96 Texas Crim. Rep., 512, 258 S. W., 186. The probable effect of claimed newly discovered evidence is primarily for the trial judge who passes upon the motion for new trial, and the appellate court will not interfere

with his action in denying the motion, if under all the facts no abuse of his judicial discretion is shown. Robinson v. State, 116 Texas Crim. Rep., 523, 28 S. W. (2d) 158. The bill of exception does not show the trial judge's reasons for overruling the motion, but, in view of the evidence produced by the state upon the hearing of the motion, such reasons may not be hard to discover. He was well within his discretion with a safe margin over."

The motion for rehearng is overruled.

*Overruled.*