L. D. WILEY V. STATE.

No. 24338. April 13, 1949.
Rehearing Denied June 1, 1949.

S. B. *Carr,* Floresville, *Archer, San Miguel and Cadena,* and *Van Henry Archer,* San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is murder with malice. The punishment assessed is confinement in the state penitentiary for a term of three years.

The record shows that on the night of August 7, 1948, appellant, accompanied by A. G. Watkins and two young ladies, went to a dance. The deceased and his wife also attended the dance. Some time between 12:00 and 1:00 o'clock, appellant and his companion left the dance hall in appellant's car with the purpose of going home. The deceased and his wife departed about the same time or a few minutes later going in the same direction. They soon overtook appellant and his companion and while attempting to pass appellant's automobile, the automobile of the deceased sideswiped appellant's automobile, doing some damage to it. After the deceased had passed appellant and his companions, he stopped. Appellant drove past them a short distance and also stopped. The deceased approached appellant's car and inquired if any one was hurt to which some one in the car replied, "No." Appellant, who had gotten out of car, cursed the deceased and struck him, knocking him down and then he kicked him while the deceased lay unconscious on the ground. Watkins endeavored to prevent appellant from kicking and stomping the

helpless man. The deceased's wife came running from her car, kneeled down over her husband and asked appellant to cease his attack on him. Watkins and the two young ladies assisted the deceased's wife in placing the injured party in his car and in getting the car started, and then she drove home. He was subsequently taken to a hospital where he died about 1 p. m. on Sunday, August 8, 1948. The sheriff, who was notified of the occurrence, immediately went to the place where the assault was committed. He found an octagon-shaped wrench which fits over square-headed taps. The wrench had some blood on it and one blond hair. This wrench was identified by some of the parties who were present at the scene of the assault as the wrench which they saw lying on the highway beside the deceased after he had been knocked down by appellant. One of the ladies picked it up and threw it to the side of the highway where the sheriff found it. The doctor, who treated the deceased, described the various wounds on the body including a fractured skull. He expressed the opinion that the wound on the head could have been inflicted with the wrench.

Appellant brings forward one bill of exception in which he complains of the action of the trial court in overruling his motion for leave to withdraw his notice of appeal theretofore given on the 4th day of November, 1948, and also in declining to grant him leave to file a second amended motion for a new trial based on newly discovered evidence. The claimed newly discovered evidence is to the effect that the wife of the deceased, who was a witness for the defendant, wanted to change her testimony given on the original trial to the effect that when the deceased left his automobile on the night in question and went to the automobile occupied by the appellant and his companions, he carried with him the wrench found lying by his side after he had been knocked down.

It appears from the bill that these motions were presented to the court on the 13th day of December, 1948, however, the trial court declined to consider the same, if at all, until after the the state had been given notice thereof and had been given an opportunity to reply thereto and be present. The court then set the hearing thereon for December 18th at Floresville where the case was originally tried. At this time, the court declined to entertain the motions but advised appellant that if his witness, the wife of the deceased, wanted to make a statement to him, he would be glad to hear her. After hearing said witness and the argument of counsel thereon, the court stated that he was convinced that he had the power and authority under the law to

grant the motions but that the same were addressed to the dis-. cretion of the court. The court then stated to the appellant and his attorneys that inasmuch as the witness who desired to change her testimony was a defense witness in the first place; that the defendant had not been convicted on her testimony and if her present testimony be true, she was a self-confessed perjurer on at least three different occasions and since she was a self-confessed adulteress, and that with the defendant himself; that her testimony did not appeal to the discretion of the court and therefore the motions in their entirety were denied, whereupon, the defendant again gave notice of appeal to the court of criminal appeals. Appellant then came before him with his sureties and requested the court to have the defendant and his sureties enter into a recognizance to which the court replied that the effect of the court's ruling was to refuse to reopen the case but to leave it in the same condition and in the same status as of November 4, 1948, to all of which appellant excepted and gave notice of appeal as aforesaid. No exception was taken to the court's qualification of the bill and he is bound thereby.

It is apparent from the record that the court read the motion and heard the evidence, and then denied the same. It also appears from the allegations in his motion that he realized the burden rested upon him to show that he exercised proper diligence in an effort to discover the claimed newly discovered evidence. In the absence of such showing, he was not entitled to a new trial. Tex. Jur., Vol. 31, p. 277, Sec. 78, states the rule to be as follows: "A new trial will not be granted on the ground of alleged newly discovered evidence to be elicited from a witness who testified at the trial as to other phases of the case, or, from a witness who was present in court at the time of the trial, but who was not called." In the instant case, the witness who since the trial disclosed to appellant the claimed newly discovered evidence was not only present in court but was called by appellant as a witness in his behalf, but no question was asked her touching the wrench, notwithstanding the sheriff, appellant's companions at the scene of the assault, appellant, and other witnesses were interrogated relative to the wrench in question. Consequently, appellant failed to prove that he exercised due diligence. See Williams v. State, 34 S. W. 271; Ansley v. State, 91 Tex. Cr. R. 435 (239 S. W. 613); Hill v. State, 96 Tex. Cr. R. 364 (257 S. W. 262); and Samples v. State, 80 Tex. Cr. R. 418 (190 S. W. 698).

Moreover, the granting of a motion for a new trial rests within the sound discretion of the trial court and unless it is

made to appear that the court abused his discretion with respect thereto, this court will not reverse the judgment of conviction.

We note that the court in sentencing the defendant failed to make application of the indeterminate sentence law. Therefore, the sentence will be reformed so as to read, that the defendant shall be confined in the state penitentiary for a term of not less than two nor more than three years, and as so reformed, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant predicates his motion for rehearing upon his complaint that the trial court erred in not permitting him to withdraw his notice of appeal and grant him a new trial on claimed newly discovered evidence.

The trial court set the matter down for hearing and heard evidence thereon which is before this court in a separate statement of the facts developed on said hearing. The trial court did not refuse to permit the withdrawal of the notice of appeal because he thought he had lost jurisdiction of the case. His reason appears in the qualification of the bill of exception to which we will later revert. As the question appears before us, it turns upon whether the trial court committed error in not granting a new trial for newly discovered evidence.

In his motion for rehearing appellant admits the soundness of the statement quoted from Tex. Jur., Vol. 31, p. 277, sec. 78, that generally a new trial will not be granted for claimed newly discovered evidence from a witness who testified at the trial, but insists that there are exceptions to the rule as well established as the rule itself, and that appellant has brought himself within such exceptions. These exceptions are recognized by this court as illustrated in the case cited by appellant, viz.: Anderson v. State, 93 Tex. Cr. R. 634, 248 S. W. 681; Howle v. State, 114 Tex. Cr. R. 612, 26 S. W. (2d) 651; Barrett v. State, 98 Tex. Cr. R. 627, 267 S. W. 511; Gainer v. State, 89 Tex. Cr. R. 538, 232 S. W. 830. Even though appellant may have brought himself within the exception where the witness from whom the claimed newly discovered evidence is sought was present and testified at the trial, the rule as to when a new trial will be granted for newly discovered evidence must still be complied

with. One indispensable rule is that the claimed newly discovered evidence was such as would probably, upon another trial, bring about a different result. This, as well as other things regarding claimed newly discovered evidence, is of necessity addressed to the sound discretion of the trial judge.

Now, adverting to the court's qualification to the bill of exception complaining because the court refused to grant appellant's motion to withdraw his notice of appeal and grant a new trial, we quote:

"* * * after hearing said evidence and the argument of counsel thereon the court stated that he was convinced that he had the power and authority under the law to grant said motion, but that the motion was addressed to the discretion of the court in that respect; and that after considering the evidence introduced on said motion the court stated that in as much as this witness who desired to change her testimony was a defense witness in the first place and that the defendant had not been convicted on her testimony, and in as much as she, if her present testimony be true, was a self-confessed perjurer on at least three different occasions, and since she was a self-confessed adulteress, and that with the defendant himself, her testimony did not appeal to the discretion of the court, and that therefore the motion in its entirety was denied."

In addition to what the court said, as above quoted, it is worthy of note that the following in substance appears from the statement of facts upon the main trial: Watkins, the man who was riding in the car with appellant and the two girls, and who was, according to his own evidence, a lifelong friend of appellant, testified that when he saw the "lug wrench" in question lying beside deceased he (Watkins) told the girls to throw it away; "I wanted to get rid of the damn wrench"; and that appellant while on the way to Seguin after the fight, in talking about the wrench, said: "If there was anything come up about it we would say it was in his (deceased's) belt because it was there on the side of the road beside him. That is what we figured he had a wrench in his belt. I didn't see it in his belt."

It seems passing strange that friends of appellant who were present at the time wanted to get the wrench out of the way if they really thought it belonged to deceased. It seems reasonable that the very contrary would have been their desire.

What was said in Hughes v. State, 121 Tex. Cr. R. 604, 50

438

S. W. (2d) 824, seems so very applicable under the facts here present that we quote:

"The probable effect of claimed newly discovered evidence is primarily for the trial judge who passes upon the motion for new trial, and the appellate court will not interfere with his action in denying the motion, if under all the facts no abuse of his judicial discretion is shown. Robinson v. State, 116 Tex. Cr. R. 523, 28 S. W. (2d) 158. The bill of exception does not show the trial judge's reasons for overruling the motion, but, in view of the evidence produced by the state upon the hearing of the motion, such reasons may not be hard to discover. *He was well within his discretion with a safe margin over.*" (Italics ours.)

See Robinson v. State, supra; also Cruz v. State, 124 Tex. Cr. R. 449, 63 S. W. (2d) 556.

The motion for rehearing is overruled.