The STATE of Texas

v.

**Rolando GONZALEZ, Appellee.**

**Nos. 1354–91 to 1356–91.**

Court of Criminal Appeals of Texas,
En Banc.

April 14, 1993.

Rehearing Denied June 16, 1993.

Kenneth G. Wincorn, Dallas, for appellee.

Tom O'Connell, Dist. Atty., and J. Matthew Goeller, Asst. Dist. Atty., McKinney,

Robert Huttash, State's Atty., and Carl E.F. Dally, First Asst. State's Atty., Austin, for the State.

OPINION ON STATE'S PETITIONS FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellee, without the benefit of a plea bargain agreement, pled guilty to and was convicted of three separate felony offenses of delivery of marihuana pursuant to Tex. Health and Safety Code Ann. § 481.120. The trial judge assessed punishment at three years confinement for two of the offenses and five years probation for the third. Tex.Penal Code Ann. § 12.34 and Tex.Code Crim.Proc.Ann. art. 42.12, § 3. Appellee filed a "Motion for New Trial and Request for Re-sentencing" in each case. The trial judge granted each motion. The State appealed and the Court of Appeals affirmed. *State v. Gonzalez*, 820 S.W.2d 9 (Tex.App.—Dallas, 1991). We granted the Collin County District Attorney's and the State Prosecuting Attorney's petitions for discretionary review. We will affirm the judgment of the Court of Appeals.

## I.

The facts, correctly set forth by the Court of Appeals, are as follows:

Appellee Rolando Gonzalez pleaded guilty without the benefit of a plea bargain to three felony cases of delivery of marijuana. At the conclusion of the sentencing hearing, the trial court assessed punishment at three years' confinement in two of the cases and five years' probation in the third case. One week later, Gonzalez filed a motion for new trial in each of the cases. In his motion, Gonzalez requested, 'in the interest of justice,' that he be allowed to present witnesses

who were unavailable at the time of the earlier proceeding.

At a hearing on the motion, Gonzales called only one witness—his uncle, who is the chairman for the Commission for Drug and Substance Abuse for the City of Dallas. The witness testified that he was unavailable at the time of the earlier proceeding, and he requested that a new trial be granted so that his testimony could be considered. Although the witness said nothing about the content of his testimony, Gonzalez's lawyer represented that this witness's testimony could have a substantial impact on the court's consideration upon retrial. The State did not cross-examine the witness or controvert his testimony. The State only asked that the court deny the motion. At the conclusion of the hearing, the trial court granted the motion for new trial. . . .

*State v. Gonzalez*, 820 S.W.2d at 10–11.

On direct appeal, the State contended the trial judge erred in granting appellee's motions for new trial which did *not* allege one of the grounds enumerated in Tex.R.App.P. 30(b).[1] The Court of Appeals rejected the State's argument holding:

. . . [A] trial court does not lose its discretion *to grant* a motion for new trial even if a defendant fails to comply prima facie with rule 30(b). The rule's list of circumstances under which the trial court must grant a motion for new trial is not an exclusive one.

More specifically, we conclude that a trial court may, in its discretion, grant a motion for new trial in the interest of justice.

*State v. Gonzalez*, 820 S.W.2d at 11–12.

## II.

The Collin County District Attorney's sole ground for review and the State Prosecuting Attorney's fourth ground for review

1. The State's first point of error stated:
   The trial court abused its discretion and committed error in granting the appellee's motion for new trial when the evidence proffered did not fall under any statutory grounds for new trials in criminal cases, Rule 30, Texas Rules of Appellate Procedure.

The State's second point of error stated:
   By pleading guilty to all 3 indictments of delivery of marijuana, defendant advised the court that he had no defense to the charges, thus, his motion for new trial based upon newly discovered evidence is inconsistent with his plea of guilty.

**694**

contend the trial judge erred in granting the motions for new trial which were based on a ground not specifically enumerated in Rule 30(b).[2] In *Reyes v. State*, 849 S.W.2d 812 (Tex.Cr.App.1993), we addressed a similar contention and held "Rule 30(a) does not limit the grounds under which a motion for new trial may be granted but rather provides the trial judge the general authority to grant such a motion." *Id.* at 813–14. Furthermore, "[t]he grounds listed in Rule 30(b) are illustrative, not exhaustive; the trial judge has the discretion to consider additional grounds for granting a new trial." *Id.* at 815 (citing *Evans v. State*, 843 S.W.2d 576 (Tex.Cr.App.1992)). We then held a defendant could raise ineffective assistance of counsel by way of a motion for new trial even though that ground was not listed in Rule 30(b). *Id.*, at 815.

■ Likewise, in the instant case, the Court of Appeals held Rule 30(b) did not provide an exclusive list for the granting of a motion for new trial. *Gonzalez*, 820 S.W.2d at 11. The Court of Appeals, citing *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985) and *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988), concluded that a trial judge may, in his discretion, grant a motion for new trial in the interest of justice. *Gonzalez*, 820 S.W.2d at 12. The reasoning of the Court of Appeals is sound. For more than one hundred and twenty years, our trial judges have had the discretion to grant new trials in the interest of justice. In *Mullins v. State*, 37 Tex. 337, 339–340 (1872–73), the Supreme Court, which at that time had criminal jurisdiction, held:

... The discretion of the District Court, in granting new trials, is almost the only protection to the citizen against the illegal or oppressive verdicts of prejudiced, careless, or ignorant juries, and we think the District Court should never hesitate to use that discretion whenever the ends of justice have not been attained by those verdicts.

Accordingly, we hold the trial judge did not err in granting appellee's motions for new trial which were based upon a ground not specifically enumerated in Rule 30(b). The County District Attorney's sole ground for review and the State Prosecuting Attorney's fourth ground for review are overruled.

## III.

The State Prosecuting Attorney's first ground of review contends the Court of Appeals erred in holding the trial judge did not abuse his discretion in granting appellee's motions for new trial when appellee failed to allege a factual basis in his motion and failed to offer proof demonstrating the trial judge erred in accepting appellee's guilty pleas.[3]

Although Tex.R.App.P. 31(a) does not specify what must be alleged in a motion for new trial, Rule 31(b) provides the State "may take issue" with "any reason set forth by the accused in his motion." In *Reyes*, we held either the motion for new trial or its supporting affidavit "must reflect that reasonable grounds exist for holding [a new trial] could be granted." *Reyes*, 849 S.W.2d at 816. Therefore, we hold the accused is required to allege sufficient grounds to apprise the trial judge and the State as to why he believes himself

**2.** The Collin County District Attorney's sole ground for review states:

The Court of Appeals erred by expanding and adding a new category for new trials under Tex.R.App.P. 30(b).

The State Prosecuting Attorney's fourth ground for review states:

The Fifth Court of Appeals' panel has erred in a published opinion in holding that a motion for new trial may be granted 'in the interest of justice' when that is not one of the nine grounds for granting a new trial set out in Rule 30(b), Rules of Appellate Procedure.

**3.** The State Prosecuting Attorney's first ground for review states:

The Fifth Court of Appeals' panel has erred in a *published* opinion holding that the trial court did not abuse its discretion in granting appellee a new trial in the interest of justice, when the appellant in his motion for new trial alleged no facts, and on the hearing of the motion, offered proof of no facts to show that the trial court unjustly accepted his guilty pleas to the offenses with which he was charged.

entitled to a new trial. *Compare, Texas Dept. of Corrections v. Jackson*, 661 S.W.2d 154, 156 (Tex.App.—Houston [1st Dist.] 1983), citing *Stone v. Lawyer's Title Insurance Corp.*, 554 S.W.2d 183 (Tex. 1977) ("Pleadings should give fair and adequate notice of the facts upon which the pleader relies in order that the adverse party may properly prepare his defense thereto.").

■ With this holding in mind, we now turn to appellee's motion for new trial wherein he requested a new trial in the interest of justice "to present witnesses that were not presented at the time of sentencing to testify on behalf of Defendant." The State did *not* take issue with any reason set forth in the motions. *See,* Rule 31(b). Indeed, appellee contends the State has waived this ground of review for failing to object in the trial court. App.'s brief pg. 8. We need not address the waiver issue because we find appellee's motions were sufficient to notify the trial judge and the State as to why appellee sought a new trial.

At the hearing on his motions, appellee presented one witness. The witness, who was the chairman of the Commission for Drug and Substance Abuse for the City of Dallas and on the board of directors of Dallas Helps, an organization organized to eradicate drug and substance abuse in the Dallas area, testified he was not available to testify at the sentencing hearing. The witness asked the trial judge to grant a new trial so his testimony could be considered. The State, although offered the opportunity, elected not to cross-examine the witness or otherwise controvert the witness's testimony. At the conclusion of the hearing, appellee's attorney argued the testimony "could have a substantial impact on the Court's considerations regarding punishment;" however, the State merely requested that the motion be denied. The trial judge ruled: "Well, being *uncontro*

*verted by the State* that this witness was unavailable, then the motion for new trial is granted." (Emphasis added.) The Court of Appeals held: "[b]y relying on the record before it, the trial judge did not abuse its discretion in concluding that a new trial should be granted in the interest of justice." *Gonzalez*, 820 S.W.2d at 12.

■ We agree with the Court of Appeals. When the State acquired the right to appeal under Tex.Code Crim.Proc.Ann. art. 44.01(a)(3), the State acquired the corresponding duty to provide the appellate court a record subject to meaningful appellate review. *Trevino v. State*, 565 S.W.2d 938, 941 (Tex.Cr.App.1978) ("[T]he hearing on [a motion for new trial] is for the purpose of deciding whether the cause shall be retried ... and to prepare a record for presenting issues on appeal in the event the motion is denied."). When a motion for new trial raises matters not determinable from the record, the trial judge abuses his discretion in failing to hold a hearing pursuant to Rule 31(d). *Reyes*, 849 S.W.2d at 816. The hearing requirement provides either party an opportunity to develop a record for appellate review, should either party elect to appeal the decision on the motion for new trial.

As previously noted, the State elected not to cross-examine or otherwise controvert the testimony of the witness who testified in support of the motion for new trial. However, the State now complains the record is insufficient to support the trial judge's decision. The trial judge specifically found the motions for new trial were "uncontroverted by the State" and the Court of Appeals held the record did not establish an abuse of discretion.[4] An appellate court should not fault a trial judge for granting a motion for new trial when the State fails to provide an appellate record establishing an abuse of discretion. *Simon v. York Crane & Rigging Company, Inc.*, 739 S.W.2d 793, 795 (Tex.1987) ("[T]he

4. In *Cantu v. State*, 842 S.W.2d 667, 682 (Tex.Cr. App.1992), we discussed the abuse of discretion standard and held that under such a standard, we will reverse "only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons

might disagree." Stated another way, "the appellate court is not to substitute its judgment for that of the trial court, but rather must decide whether the trial court's decision was arbitrary or unreasonable." *Landry v. Travelers Insurance Company*, 458 S.W.2d 649, 651 (Tex.1970).

party that complains of abuse of discretion has the burden to bring forth a record showing such abuse."). Accordingly, the State Prosecuting Attorney's first ground for review is overruled.

## IV.

The State Prosecuting Attorney's second and third grounds for review contend the Court of Appeals' holding has rendered the State's right to appeal meaningless.[5] To address these grounds we must first determine what standard of appellate review should be applied when the trial judge grants a motion for new trial and the State appeals that decision under art. 44.01(a)(3).

In the instant case the Court of Appeals applied the abuse of discretion standard of appellate review.

> ... It is well established that the granting or denying of a motion for new trial lies within the sound discretion of the trial court. *Appleman v. State*, 531 S.W.2d 806, 810 (Tex.Cr.App.1975); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986. pet. ref'd). This principle, as applied to criminal cases, has been scrutinized exclusively in cases in which the trial court denied a motion for new trial because the State only recently attained the statutory right to appeal the granting of a motion for new trial. . . .
>
> \*     \*     \*     \*     \*     \*
>
> Both the granting and the denying of a motion for new trial rest within the discretion of the trial court, and appellate courts ordinarily will not reverse that decision unless the trial court has abused its discretion. [*Fielding*, 719 S.W.2d at 364.]

*Gonzalez*, 820 S.W.2d at 11.

■ Again, we agree with the Court of Appeals. We have consistently held "[t]he

decision on a motion for new trial rests within the sound discretion of the trial court, and in the absence of an abuse of discretion this [C]ourt would not be justified in reversing the judgment." *Grizzell v. State*, 164 Tex.Crim. 362, 298 S.W.2d 816, 821 (1956); *Bryan v. State*, 406 S.W.2d 210, 216 (Tex.Cr.App.1966); *Hill v. State*, 480 S.W.2d 670, 673 (Tex.Cr.App. 1972); *Etter v. State*, 679 S.W.2d 511, 515 (Tex.Cr.App.1984). While this standard of review has been applied only to the denial of a motion for new trial, we see no need to adopt another standard today merely because the State has acquired the right to appeal Therefore, we hold that abuse of discretion is the proper standard of appellate review under art. 44.01(a)(3).

■ With that holding in mind, we now turn to the State's contention that the abuse of discretion standard renders the State's right to appeal meaningless. We have utilized this standard of review for more than forty years to provide meaningful appellate review of decisions on motions for new trial. *Wiley v. State*, 153 Tex. Crim. 432, 220 S.W.2d 657, 659 (1949); *Beck v. State*, 573 S.W.2d 786, 791 (Tex.Cr. App.1978); *Kashfi v. State*, 703 S.W.2d 312, 315 (Tex.App.—Waco 1985). The doctrine of *stare decisis* requires a compelling reason to change an accepted standard of review. *Gearheart v. State*, 81 Tex.Cr.R. 540, 197 S.W. 187, 188–189 (Tex.Cr.App. 1917) ("[W]hen a rule has been once deliberately adopted and declared and uniformly followed, it should not be abandoned except upon the most urgent reasons."). *See also, Ex parte Porter*, 827 S.W.2d 324, 328–331 (Tex.Cr.App.1992) (Baird, J., dissenting). As the State has failed to present a compelling reason to abandon the abuse of discre-

---

**5.** The State Prosecuting Attorney's second and third grounds for review state:

> The Fifth Court of Appeals' panel has erred in a *published* opinion in holding that the trial court has absolute, unfettered discretion in granting a motion for new trial, and it has rendered the State's right to appeal an order granting a new trial meaningless because it has neither set nor followed any standard for determining abuse of discretion.

> The Fifth Court of Appeals' panel has erred in a *published* opinion in holding for the first time that a trial court's decision to grant a motion for new trial is virtually immune from review, injecting a new, confusing precedent into the State's jurisprudence which appears to conflict with prior case law.

tion standard of appellate review under art. 44.01(a)(3), the State's second and third grounds of review are overruled.

### V.

■ In its fifth ground for review the State Prosecuting Attorney contends the Court of Appeals erred in overrulling the second point of error for failure to comply with Tex.R.App.P. 74(f).[6] *Gonzalez*, 820 S.W.2d 9 at 12.

Tex.R.App.P. 74(f) provides, in part:

(f) Argument ... The argument shall include: (1) a fair, condensed statement of the facts pertinent to such points, with reference to pages in the record where the same may be found; and (2) such discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue....

The State's brief on direct appeal raised a second point of error, but offered no argument or authority in support of that point. Therefore, the point did not comply with Rule 74(f). When a party raises a point of error without citation of authorities or argument, nothing is presented for appellate review. *Woods v. State*, 569 S.W.2d 901, 905 (Tex.Cr.App.1978); *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Cr.App.1980). The Court of Appeals correctly overruled the second point of error. Accordingly, the State's fifth ground for review is overruled.

The judgment of the Court of Appeals is affirmed.

CLINTON, J., concurs in the result.

MALONEY, Judge, concurs:

The Court of Appeals found the trial court did not abuse its discretion in granting the motion for new trial and also in its

finding that not to do so would result in a miscarriage of justice. Believing that trial judges should have unbridled discretion to set aside pleas of guilty, I concur in the result reached in part III of the opinion. *See State v. Gonzales*, 820 S.W.2d 9, 12 (Tex.App.—Dallas 1991) ("interests of justice standard" has long been applied in Texas civil cases and in federal cases); *see also* 3 C. Wright, *Federal Practice and Procedure: Criminal* § 551 (1982) (application of "interests of justice standard" in federal courts); 23A C.J.S. *Criminal Law* § 1428 (1989) (application of "interests of justice" standard in various jurisdictions). I otherwise join the opinion.

MEYERS, Judge, concurring.

Unlike the majority I would reach the matter of whether the Court of Appeals erred in affirming the trial court's order granting the new trials under *Jones v. State*, 711 S.W.2d 35 (Tex.Crim.App.1986)[1] and under Rule 30(b)(6) of the Texas Rules of Appellate Procedure. Appellant pled guilty to three separate felony charges of delivery of marihuana. Tex.Health & Safety Code Ann. § 481.120. The trial judge assessed punishment at three years confinement for two of the offenses and five years probation for the third offense. Appellant timely filed motion for a new trial on a ground not enumerated in Rule 30(b), namely "in the interest of justice."

The Court of Appeals held the list set out in Rule 30(b) is not exhaustive and that the movant for a motion for new trial was not required to aver a prima facie case for a trial court to grant the motion. The Court of Appeals stated,

As *Jones* illustrates, a trial court does not lose its discretion *to deny* a motion for new trial even if a defendant complies prima facie with rule 30(b). We

---

**6.** The State Prosecuting Attorney's fifth ground for review states:

The Fifth Court of Appeals' panel has erred in a *published* opinion in refusing to consider the State's point of error asserting that the trial courts granting of the appellee's motion for new trial was inconsistent with his earlier plea of guilty.

**1.** Although *Jones* is a pre-rule case, it appears that at the present time the prima facie require-

ments set out in *Jones* may still be applicable where a defendant makes a motion for new trial based on "new evidence." *Ramirez v. State*, 830 S.W.2d 827, 828 (Tex.App.—Corpus Christi 1992, no pet.); *Martinez v. State*, 824 S.W.2d 688, 692 (Tex.App.—El Paso 1992, pet. refused); *Alford v. State*, 807 S.W.2d 840 (Tex.App.—Waco 1991, no pet.).

hold, as a corollary, that a trial court does not lose its discretion *to grant* a motion for new trial even if a defendant fails to comply with rule 30(b). The rule's list of circumstances under which the trial court must grant a motion for new trial is not an exclusive one.

Majority opinion at 694–695.

I believe the Court of Appeals reasoning is sound and therefore would decide this issue based on *Jones.* Furthermore, I believe there is no need to determine whether this is a new ground not enumerated within Rule 30(b). The evidence indicates sufficiently that the real issue before the trial judge was the "new evidence" presented concerning the assessment of punishment. Rule 30(b)(6). Presently it is unclear whether a trial court has the power to grant a new trial for sentencing only or must grant a complete new trial. *Bates v. State,* 833 S.W.2d 643 (Tex.App.—Eastland 1992, pet. granted). Since appellant plead guilty and the only determination left was sentencing, I believe the only prudent course remaining for this trial judge was to grant a new trial.

While I agree with the dissent's view "that motions for new trial should be viewed with great caution, and that they should not be granted lightly," I am equally convinced that when a trial court grants such a motion, the decision should be viewed with great deference. In this case, appellant plead guilty to three felonies. The pleas were accepted absent any plea agreement with the State. Accordingly, the trial judge was left without any guidance for sentencing. If upon hearing evidence during a motion for new trial that trial judge is presented with a competent or expert witness who would have presented "new evidence" that would have assisted in the assessment of punishment the trial judge, should, within the prescriptions of the law, be permitted to adjust the sentencing.

Additionally, I consider the focus by both the majority and dissent on the sufficiency of the evidence for a grant of a new trial as misplaced. The Court of Appeals determined as a factual matter that the evidence was sufficient. Once this Court determines this is "new evidence" as contemplated under Rule 30(b)(6) or that the list contained in Rule 30(b) is not exhaustive, we are bound by that factual decision. *Arcila v. State,* 834 S.W.2d 357 (Tex.Crim. App.1992). I would only conduct a review of whether the Court of Appeals used the correct legal standard, and upon finding they did, accept their factual finding as binding upon our Court.

Accordingly, I concur in the result of the court.

McCORMICK, Presiding Judge, dissenting.

On November 3, 1987, the people of Texas gave the State a right to appeal, pursuant to general law. Article 5, Section 26, Texas Constitution. The Legislature provided for such appeals on a limited basis. Article 44.01, V.A.C.C.P. Specifically, the State was afforded the right to appeal an order of the trial court granting a new trial. Article 44.01(a)(2), supra. These changes were made to afford redress in limited circumstances where a trial court escaped review in granting a new trial without basis in law or fact.

In *Evans v. State,* 843 S.W.2d 576 (Tex. Cr.App.1992), we recognized that the grounds enunciated in Rule 30(b), Tex. R.App.Pro., were not exhaustive. We did not, however, intimate that the factual proof to support an alleged ground for new trial was in any way altered by the promulgation of the Rules of Appellate Procedure. In the case at bar, as Judge Campbell ably demonstrates in his dissenting opinion, there is nothing in this record showing what evidence would have been presented to support the granting of a new trial. To such a drastic departure from settled precedent, I dissent.

Where a motion for new trial is made based on previously unpresented evidence, the law has always required a showing of what the unpresented testimony would have been. See, e.g., *Willis v. State,* 626 S.W.2d 500 (Tex.Cr.App.1979). If the motion for new trial asserts facts which are not in the record but would necessitate a

new trial, the burden is on the defendant to establish the truth of the averments. 25 Tex.Jur.3d—Criminal Law, Sections 3553–3568.

Today the majority effectively repeals the 1987 constitutional amendment and establishes a road map whereby trial courts may, without factual or legal basis, grant a new trial and avoid review.

To such action, I also dissent.

CAMPBELL, Judge, dissenting.

Appellee, Rolando Gonzalez, pled guilty to three felony charges of delivery of marihuana. See Tex. Health & Safety Code § 481.120. Punishment was assessed by the trial court at probation for five years for one of the offenses, and imprisonment for three years for the other two. Appellee later filed a motion for new trial, which the trial court granted after a hearing. The State appealed the granting of the motion, but the Fifth Court of Appeals affirmed the order of the trial court. *State v. Gonzalez*, 820 S.W.2d 9 (Tex.App.—Dallas 1991). We granted the State's petitions [1] for discretionary review to determine whether the court of appeals erred in holding the trial court did not abuse its discretion in granting the motion for new trial. Unlike the court of appeals and the majority of this Court, I believe the trial court did abuse its discretion in granting the motion for new trial. Therefore, I respectfully dissent.

Appellee's motion for new trial stated in relevant part:

Defendant requests that he be allowed to present witnesses that were not available to testify previously. It is in the interest of justice for Defendant to present witnesses that were not presented at the time of sentencing to testify on behalf of Defendant.

At the hearing on appellee's motion, appellee called a single witness, his uncle. His uncle testified that he was chairman of the Dallas Commission for Drug and Substance Abuse; that he had been unavailable to testify at the earlier proceeding; and that he wished to testify at a new trial. *Appellee's uncle said nothing about the content of his proposed testimony at a new trial,* although defense counsel did explain to the trial court that the proposed testimony "could have a substantial impact on the court's considerations regarding punishment." The State did not cross-examine appellee's uncle or otherwise controvert his assertion that he had been unavailable to testify at the earlier proceeding. The State only asked the trial court to deny the motion. As noted previously, the trial court granted the motion.

The State now argues, *inter alia*, that appellee did not establish a right to a new trial under any of the grounds listed in Texas Rule of Appellate Procedure 30(b); that the "interest of justice" is not a ground listed in Rule 30(b) and is not, therefore, a lawful ground on which a trial judge may base the granting of a new trial; and that even if the "interest of justice" were a lawful ground, appellee failed, as a matter of law, to present sufficient evidence to establish the right to a new trial under that ground.

I have no quarrel with the majority's holding that the grounds for a new trial listed in Rule 30(b) are not exclusive. See *State v. Evans*, 843 S.W.2d 576, 578–579 (Tex.Cr.App.1992). Nor do I dispute the notion that, under appropriate circumstances, a new trial may be granted in the interest of justice. I find unacceptable, however, the majority's failure to explain *how* a defendant may carry his burden of establishing that granting him a new trial is actually *in* the interest of justice. I also find unacceptable the majority's implicit conclusion that, in this case, appellee carried his burden.

Once a defendant has had his day in court, and has been fairly tried, there is a proper reluctance to give him a second trial. It is elementary, therefore, that motions for new trial should be viewed with great caution, and that they should not to

---

1. Both the Collin County District Attorney and the State Prosecuting Attorney filed petitions for discretionary review.

be granted lightly. It is equally elementary that a defendant carries the heavy burden of showing *with evidence* that he is entitled to a new trial on some cognizable ground. *King v. State,* 502 S.W.2d 795, 800 (Tex.Cr.App.1973). Additionally, one would have thought it obvious that a trial court may not grant a motion for new trial under the "interest of justice" standard unless the defendant shows that there might otherwise be a genuine miscarriage of justice. See 3 C. Wright, *Federal Practice and Procedure: Criminal* § 551 (1982) (discussing federal case law utilizing the "interests of justice" standard under Fed.R.Crim.Proc. 33); 23A C.J.S. *Criminal Law* § 1428 (1989) (discussing case law from various jurisdictions utilizing the "interests of justice" standard).

Here, appellee presented no evidence whatsoever in the trial court establishing that a new trial was necessary to prevent a genuine miscarriage of justice. For all anyone knows, his uncle's testimony at a new trial may be only marginally relevant, or even completely irrelevant, to the trial court's assessment of punishment.

Finally, I note that the majority has failed to explain away our prior case law holding that a motion for new trial based on an absent witness is properly denied where, as here, there is no evidence presented as to what the witness' testimony would have been. *Webb v. State,* 460 S.W.2d 903, 905 (Tex.Cr.App.1970); *Kingham v. State,* 374 S.W.2d 438, 440 (Tex.Cr.App.1964). In my view, these precedents are dispositive of the instant case.

Because appellee presented no evidence in the trial court as to the nature of his uncle's proposed testimony, I believe the trial court abused its discretion in granting his motion for new trial. I would reverse the judgment of the court of appeals and direct the trial court to vacate its order granting a new trial.

McCORMICK, P.J., and WHITE, J., join.