**Opinion filed October 27, 2011**



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00006-CR

_____

## BRANDON JAMES SEIFRIED, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 17327B**

## MEMORANDUM OPINION

Brandon James Seifried was convicted of engaging in organized criminal activity by committing burglary of a habitation. Appellant waived trial by jury and entered an open plea of guilty. At the sentencing hearing, the trial court considered the presentence investigation (PSI) report and testimony. At the conclusion of the hearing, Appellant's request for community supervision was denied, and he was sentenced to fifteen years in the Texas Department of Criminal Justice, Institutional Division. Appellant filed a motion for new trial. After it heard the motion, the trial court denied it. Appellant contends that the trial court erred in imposing a

grossly disproportionate sentence, in denying his application for community supervision, and in denying his motion for new trial. We affirm.

Appellant claims that the trial court's sentence was cruel and unusual because it was grossly disproportionate to the offense committed. Appellant did not object to his sentence at the time of sentencing or in any posttrial motions. Therefore, his first issue has not been preserved for review. *Wynn v. State*, 219 S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.); *Hergert v. State*, 197 S.W.3d 394, 399 (Tex. App.—Beaumont 2006, no pet.); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex. App.—Dallas 2003, no pet.).

Even if appellant had preserved his complaint, it is without merit. The Eighth Amendment prohibits punishment that is "grossly disproportionate" to the offense for which a defendant has been convicted. *See Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (Kennedy, J., concurring); *Solem v. Helm*, 463 U.S. 277, 288–90 (1983); *McGruder v. Puckett*, 954 F.2d 313, 315–16 (5th Cir. 1992); *Bradfield v. State*, 42 S.W.3d 350, 353 (Tex. App.—Eastland 2001, pet. ref'd). In determining whether a sentence is grossly disproportionate to the offense committed, the reviewing court must first compare the gravity of the offense with the severity of the sentence. *McGruder*, 954 F.2d at 316; *Bradfield*, 42 S.W.3d at 353.

The record does not reflect that Appellant's punishment was grossly disproportionate to the offense. Appellant pleaded guilty to engaging in organized criminal activity by committing burglary of a habitation, a first-degree felony. TEX. PENAL CODE ANN. §§ 30.02, 71.02 (West 2011). Punishment can be disproportionate to a crime only when an objective comparison of the gravity of the offense against its severity reveals it to be extreme. *Harmelin*, 501 U.S. at 1004–06. If we were to determine the sentence to be extreme, then we would compare the sentence with sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Id.* The punishment assessed in this case is not extreme; it is within, and at the lower end of, the punishment range for a first-degree felony. TEX. PENAL CODE ANN. § 12.32(a) (West 2011).

Appellant takes issue with the fact that his sentence was harsher than that of one of his codefendants. The sentences received by Appellant's codefendants are not reflected in the record, but one is shown in a docket-type sheet appended to Appellant's brief. The docket-type sheet was never entered into evidence. Items outside the record cannot be considered by this court. *See Pollan v. State*, 612 S.W.2d 594, 596 (Tex. Crim. App. 1981) (affidavit attached to

brief not part of record and not entitled to consideration by court on appeal); *Belton v. State*, 900 S.W.2d 886, 893 (Tex. App.—El Paso 1995, pet. ref'd) (out-of-court affidavits attached to appellate brief cannot be considered on appeal); 43A GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE: CRIMINAL PRACTICE AND PROCEDURE § 46:123 (2011) (defense counsel should include PSI in record if material in PSI is in dispute). The sentences received by the codefendants are not properly before us and cannot be considered in a proportionality analysis. There is no evidence in the record regarding sentences for similar crimes in this jurisdiction or sentences for the same crime in other jurisdictions. Appellant's first issue is overruled.

In his second issue, Appellant contends that the trial court abused its discretion in failing to place him on community supervision. Appellant elected to have the trial court assess punishment. In such cases, the decision of whether to grant community supervision to the accused rests entirely within the discretion of the trial court and is not reviewable on appeal. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999); *Flournoy v. State*, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979); *Martin v. State*, 452 S.W.2d 481, 483 (Tex. Crim. App. 1970). Appellant's second issue is overruled.

Appellant argues that, because his witnesses were unavailable at the time of the sentencing hearing, the trial court erred by denying his motion for new trial. The granting or denying of a motion for new trial rests within the sound discretion of the trial court, and in the absence of an abuse of discretion, we would not be justified in reversing the judgment. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). Accordingly, we will reverse the trial court's ruling only when its decision is so clearly wrong "as to lie outside that zone within which reasonable persons might disagree." *Gonzalez*, 855 S.W.2d at 695 n.4. An abuse of discretion occurs when the trial court's decision was arbitrary or unreasonable. *See State v. Read*, 965 S.W.2d 74, 77 (Tex. App.—Austin 1998, no pet.). Thus, a trial court abuses its discretion in denying a motion for new trial only when no reasonable view of the record could support the trial court's ruling. *Webb v. State*, 232 S.W.3d 109, 112 (Tex. Crim. App. 2007) (citing *Charles v. State*, 146 S.W.3d 204, 208 (Tex. Crim. App. 2004)). The party that complains of abuse of discretion has the burden to bring forth a record showing such abuse. *Gonzalez*, 855 S.W.2d at 695–96 (citing *Simon v. York Crane & Rigging Co.*, 739 S.W.2d 793, 795 (Tex. 1987)).

Appellant has failed to meet this burden.  He does not argue that any of the circumstances in which a defendant *must* be granted a new trial were present here.  *See* TEX. R. APP. P. 21.3. The trial court's decision was not arbitrary or unreasonable, but grounded in the evidence elicited at the hearing on the motion for new trial. The two witnesses who were absent from the sentencing hearing had already contributed their statements to the PSI report.  The witnesses indicated that they had additions or clarifications to add to the information they had provided for the PSI report.  The witnesses did not give the substance of their additions or clarifications, and no reason was given why that information had not been provided in the preparation of the PSI report.  As noted, the PSI report is not part of the record.  Further, Appellant did not subpoena these witnesses to guarantee their presence at the sentencing hearing via compulsory process. On the day of sentencing, the defense announced ready instead of seeking a continuance to allow for the presence of its witnesses.  At the hearing on the motion for new trial, the trial court weighed the evidence presented and found that there was not sufficient evidence to grant a new trial.  There is nothing in the record, and nothing presented in this appeal, to suggest an abuse of discretion.  Appellant's third issue is overruled.

We affirm the trial court's judgment.


ERIC KALENAK

JUSTICE


October 27, 2011

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of:  Wright, C.J.,
McCall, J., and Kalenak, J.

4