

# NUMBER 13-13-00419-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**THE STATE OF TEXAS,**                                                         **Appellant,**

**v.**

**SHARON HINOJOSA,**                                                            **Appellee.**

## On appeal from the County Court at Law No. 4
## of Nueces County, Texas.

## MEMORANDUM OPINION

### Before Justices Garza, Benavides, and Perkes
### Concurring Memorandum Opinion by Justice Perkes

I agree with the majority's conclusion because the State does not raise any constitutional issues on appeal. I concur in the result only.

The trial court granted Hinojosa's motion for new trial based on alleged Fourth Amendment violations. In its brief, however, the State solely brings a sufficiency argument while wholly failing to address the merits of the constitutional issue.

The Texas Rules of Appellate Procedure require the parties to advance their own arguments. TEX. R. APP. P. 38.1(h), 38.2(a)(1); *see State v. Gonzalez*, 855 S.W.2d 692, 697 (Tex. Crim. App. 1993) (en banc). Decisional authority prevents us from advancing arguments on behalf of either party. *Anson v. State*, 959 S.W.2d 203, 211 n. 2 (Tex. Crim. App. 1997) (Baird and Overstreet, JJ., dissenting) (explaining that appellate judges who resolve issues not raised by the parties are partisan advocates, not impartial jurists).

The State's failure to brief the constitutional issue constitutes waiver. In order for us to reverse the trial court's decision, we would necessarily have to research and present a constitutional argument contrary to the trial court's ruling, thereby putting us in the impermissible position of an advocate. *See Siverand v. State*, 89 S.W.3d 216, 219 (Tex. App.—Corpus Christi 2002, no pet.). This, we cannot do.

For that reason, I would affirm the order of the trial court.

GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of April, 2015.