TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00241-CR






Michael Garland Harris, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT


NO. 0990075, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING







 Appellant Michael Garland Harris was convicted of the offense of aggravated sexual
assault. See Tex. Penal Code Ann. § 22.021 (West Supp. 2001). The jury assessed appellant's
punishment, enhanced by a prior felony conviction, at imprisonment for forty-two years. In his sole
point of error, appellant asserts that the trial court erred in failing to grant a mistrial when a detective
testified that appellant was on parole. The judgment will be affirmed.

 Appellant's complaint is based on the testimony of Detective Richard Wines, a Travis
County deputy sheriff. At the guilt-innocence phase of the trial, during the prosecutor's direct
examination of Wines, the record shows:


Q. Did you do anything else, Detective Wines, to follow up on your investigation?


A. In March I believe of '99, I was contacted by your office asking that I obtain a
search warrant for body fluids and body hair of Mr. Harris.

Q. All right, sir. Let me back up if I may for just a moment and ask you --


A. I know I got it in here somewhere. At one point in time, if I could back up. At
one time I was notified by central records people that keep warrant information
that Mr. Harris had been filed on I believe on a parole violation.


[Defense Counsel]: Your Honor, may we approach?


 (Conference at the bench outside the hearing of the jury, as
follows:)


THE COURT: Yes.


[Defense Counsel]: I have got to move for a mistrial.


[Defense Counsel]: It is out there so much it is not curative -- just asking them to
disregard would not be enough.


THE COURT: Nobody has asked me to do that.


[Defense Counsel]: I am asking you to declare a mistrial.


THE COURT: Denied.


[Prosecutor]: Judge, on behalf of the State --


 (The following proceedings resumed in the presence and
hearing of the jury, as follows:)


THE COURT: Members of the jury -- hold on a second. You are instructed
to disregard the last nonresponsive answer.



The record fails to show that counsel objected to Wines's testimony and counsel failed to state
grounds for the granting of a mistrial. However, the careful trial judge, without a defense request,
promptly admonished the jury to disregard the witness's nonresponsive remark.

 A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); State v. Gonzalez, 855 S.W.2d 692, 696
(Tex. Crim. App. 1993). "[E]xcept in extreme cases, if the trial court sustains a timely objection and
instructs the jury to disregard an improper response referring to an extraneous offense, the error is
cured." Moody v. State, 827 S.W.2d 875, 890 (Tex. Crim. App. 1992). "We find that any potential
error in the witness's mentioning of an arrest jacket was cured by the trial court's instruction to
disregard; thus there was no error in denying the motion for mistrial." Id.

 In Hughes v. State, a witness testified that the defendant told her he had called "his
boss and his parole officer." Hughes v. State, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992). In
Hughes, the court held that the reference to "parole" was undoubtedly inadmissible but that it was
not so inflammatory as to undermine the efficacy of the trial court's instruction to disregard it. Id.
(citing Gardner v. State, 730 S.W.2d 675, 697 (Tex. Crim. App. 1987)).

 In Delgado v. State, a witness was asked by the prosecutor how long she had known
a defendant and his family. She responded that she had known the defendant's brother all of her life
and, "Well I have known [defendant], too. But not 'known' him because he has been in prison; but
I have known him." Delgado v. State, 986 S.W.2d 306, 309 (Tex. App.--Austin 1999, no pet.). The
court sustained the defendant's objection and instructed the jury to disregard the witness's
statements, but overruled the defendant's motion for a mistrial. We held that the trial court did not
abuse its discretion in overruling the defendant's motion for a mistrial. Id. The Court of Criminal
Appeals has said that a mistrial is a remedy appropriate for a narrow class of highly prejudicial and
incurable errors. Wood v. State, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000); Ladd, 3 S.W.3d at
567. This is not such a case.

 The record before us shows that the victim had "called off" her marriage engagement
with appellant. Appellant hid in the victim's garage, and when she came home from work he
forcefully attacked and sexually assaulted her. Appellant then took the victim's jewelry and money. 
In view of the entire record, we conclude that the trial court's instruction to disregard the witness's
unresponsive remark adequately protected appellant's rights. The trial court did not err in refusing
to grant a mistrial. Appellant's point of error is overruled.

 The judgment is affirmed.



 

 Carl E. F. Dally, Justice 

Before Chief Justice Aboussie, Justices B. A. Smith and Dally*

Affirmed

Filed: June 14, 2001

Do Not Publish









* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



>
[Defense Counsel]: It is out there so much it is not curative -- just asking them to
disregard would not be enough.


THE COURT: Nobody has asked me to do that.


[Defense Counsel]: I am asking you to declare a mistrial.


THE COURT: Denied.


[Prosecutor]: Judge, on behalf of the State --


 (The following proceedings resumed in the presence and
hearing of the jury, as follows:)


THE COURT: Members of the jury -- hold on a second. You are instructed
to disregard the last nonresponsive answer.



The record fails to show that counsel objected to Wines's testimony and counsel failed to state
grounds for the granting of a mistrial. However, the careful trial judge, without a defense request,
promptly admonished the jury to disregard the witness's nonresponsive remark.

 A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. 
Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); State v. Gonzalez, 855 S.W.2d 692, 696
(Tex. Crim. App. 1993). "[E]xcept in extreme cases, if the trial court sustains a timely objection and
instructs the jury to disregard an improper respo