# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00241-CR

**Michael Garland Harris, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 147TH JUDICIAL DISTRICT
## NO. 0990075, HONORABLE WILFORD FLOWERS, JUDGE PRESIDING

Appellant Michael Garland Harris was convicted of the offense of aggravated sexual assault. *See* Tex. Penal Code Ann. § 22.021 (West Supp. 2001). The jury assessed appellant's punishment, enhanced by a prior felony conviction, at imprisonment for forty-two years. In his sole point of error, appellant asserts that the trial court erred in failing to grant a mistrial when a detective testified that appellant was on parole. The judgment will be affirmed.

Appellant's complaint is based on the testimony of Detective Richard Wines, a Travis County deputy sheriff. At the guilt-innocence phase of the trial, during the prosecutor's direct examination of Wines, the record shows:

Q. Did you do anything else, Detective Wines, to follow up on your investigation?

A.   In March I believe of '99, I was contacted by your office asking that I obtain a search warrant for body fluids and body hair of Mr. Harris.

Q.   All right, sir. Let me back up if I may for just a moment and ask you --

A.   I know I got it in here somewhere. At one point in time, if I could back up. At one time I was notified by central records people that keep warrant information that Mr. Harris had been filed on I believe on a parole violation.

[Defense Counsel]:   Your Honor, may we approach?

(Conference at the bench outside the hearing of the jury, as follows:)

THE COURT:   Yes.

[Defense Counsel]:   I have got to move for a mistrial.

[Defense Counsel]:   It is out there so much it is not curative -- just asking them to disregard would not be enough.

THE COURT:   Nobody has asked me to do that.

[Defense Counsel]:   I am asking you to declare a mistrial.

THE COURT:   Denied.

[Prosecutor]:   Judge, on behalf of the State --

(The following proceedings resumed in the presence and hearing of the jury, as follows:)

THE COURT:   Members of the jury -- hold on a second. You are instructed to disregard the last nonresponsive answer.

The record fails to show that counsel objected to Wines's testimony and counsel failed to state grounds for the granting of a mistrial. However, the careful trial judge, without a defense request, promptly admonished the jury to disregard the witness's nonresponsive remark.

2

A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999); *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). "[E]xcept in extreme cases, if the trial court sustains a timely objection and instructs the jury to disregard an improper response referring to an extraneous offense, the error is cured." *Moody v. State*, 827 S.W.2d 875, 890 (Tex. Crim. App. 1992). "We find that any potential error in the witness's mentioning of an arrest jacket was cured by the trial court's instruction to disregard; thus there was no error in denying the motion for mistrial." *Id.*

In *Hughes v. State*, a witness testified that the defendant told her he had called "his boss and his parole officer." *Hughes v. State*, 878 S.W.2d 142, 154 (Tex. Crim. App. 1992). In *Hughes*, the court held that the reference to "parole" was undoubtedly inadmissible but that it was not so inflammatory as to undermine the efficacy of the trial court's instruction to disregard it. *Id.* (citing *Gardner v. State*, 730 S.W.2d 675, 697 (Tex. Crim. App. 1987)).

In *Delgado v. State*, a witness was asked by the prosecutor how long she had known a defendant and his family. She responded that she had known the defendant's brother all of her life and, "Well I have known [defendant], too. But not 'known' him because he has been in prison; but I have known him." *Delgado v. State*, 986 S.W.2d 306, 309 (Tex. App.—Austin 1999, no pet.). The court sustained the defendant's objection and instructed the jury to disregard the witness's statements, but overruled the defendant's motion for a mistrial. We held that the trial court did not abuse its discretion in overruling the defendant's motion for a mistrial. *Id.* The Court of Criminal Appeals has said that a mistrial is a remedy appropriate for a narrow class of highly prejudicial and incurable

errors. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000); *Ladd*, 3 S.W.3d at 567. This is not such a case.

The record before us shows that the victim had "called off" her marriage engagement with appellant. Appellant hid in the victim's garage, and when she came home from work he forcefully attacked and sexually assaulted her. Appellant then took the victim's jewelry and money. In view of the entire record, we conclude that the trial court's instruction to disregard the witness's unresponsive remark adequately protected appellant's rights. The trial court did not err in refusing to grant a mistrial. Appellant's point of error is overruled.

The judgment is affirmed.

_____

Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Dally[*]

Affirmed

Filed: June 14, 2001

Do Not Publish

4

*    Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. *See* Tex. Gov't Code Ann. § 74.003(b) (West 1998).