In The

Court of Appeals

For The

First District of Texas

____________

NO. 01-00-00481-CR

____________


SANDRA ANN ARTEAGA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 177th District Court

Harris County, Texas

Trial Court Cause No. 819,857






O P I N I O N

 A jury convicted appellant, Sandra Ann Arteaga, of reckless injury to a child and
assessed punishment at 12 years confinement. In two points of error, appellant claims (1)
the trial judge erred in denying her motion for new trial and (2) the evidence is legally and
factually insufficient to support her conviction. We affirm. 

BACKGROUND


 On July 31, 1999, appellant and her husband, Senon Arteaga, drove with their two
children, three-year old Cassandra and eight-month old Senon Jr., from Stafford, Texas to
Spring, Texas. The family was on its way to visit Tamara Wagner, appellant's friend. 
Wagner and her boyfriend, Steven Mosley met appellant and her family at a gas station and
escorted them back to Wagner's home. Before leaving the station, however, appellant and
her husband purchased beer. The two had been drinking in the car even before arriving at
the station. Eventually, the family arrived at Wagner's home sometime after 10:00 p.m.

 During the next few hours, the couples played cards and talked, all the while
continuing to drink beer. At one point during the evening, appellant, Wagner, and Mosely
went into a bedroom to change Senon Jr.'s diaper. While doing so, appellant asked Wagner
whether she "wanted her baby." Appellant repeated the question three times, with a "blank
. . . serious look" on her face. After Wagner answered no, because she wanted to have her
own children, appellant started laughing and said, "Oh, no, I was just kidding." 

 Later in the evening, as the Arteagas were getting ready to return home, Kelly
Kinnard, Wagner's roommate and an acquaintance of appellant's, called from a bar and
asked if the Arteagas would wait around a little longer until she arrived, hoping to meet
appellant's family. At about 2:15 a.m., Kinnard and her fiancé arrived at the house. At that
time, Wagner and Mosely went to sleep. During the next two hours, the other adults talked
and drank more beer. It was clear to Kinnard that appellant was intoxicated. 

 Around 4:00 a.m., Kinnard, knowing they had a long drive back home, asked the
Arteagas to spend the night at the house. Senon wanted to stay, but appellant kept saying that
she felt uncomfortable and wanted to go home. Eventually, Kinnard and her fiancé retired
to their bedroom, thinking that the Arteagas were going to spend the night.

 After sleeping for a short time, Senon awoke, but did not see appellant. Moments
later, however, appellant appeared and demanded that they leave. When Senon insisted they
stay, appellant walked out of the room, taking their daughter Cassandra with her. Senon
followed her outside to the car. After appellant and Cassandra were inside the car, Senon
opened and closed the rear, driver's side door of the car, where Senon Jr.'s carseat was
located. Senon Arteaga testified that he could not remember if he placed Senon Jr. in the car,
and appellant testified that she did not place Senon Jr. in the car. 

 Appellant began to drive home, but soon became drowsy. Because she was tired,
appellant left the highway and parked at a gas station. According to appellant, a limo driver
was at the gas station, and she convinced the driver to give her and Cassandra a ride home. 
Appellant claimed that she never knew Senon Jr. was in the car and therefore, only she and
Cassandra went home with the limosine driver. Once at home, appellant and Cassandra went
to sleep.

 The next morning when Senon arrived home, he asked his wife, "Where's my baby?" 
Appellant responded, "He was with you." When they realized that the baby was missing, the
Arteagas called the police and began looking for their car. Appellant could not remember
exactly where she had left the car. After checking several gas stations, appellant called the
police again. 

 An officer was dispatched to a gas station where the Arteagas were already looking. 
Eventually, the officer spotted appellant's car at a Shell gas station. The car was found at
about 2:23 p.m. The officer approached the car and saw Senon Jr. seated in his carseat
behind the driver's seat. Senon Jr. was dead. A subsequent autopsy revealed that he died as
a result of hypothermia, an elevated body temperature. 

 At the trial, when Senon was asked whether it was possible he put the baby in the car,
he testified, "It could be. I don't know." Appellant testified, "I'm positive I didn't put the
baby in the car." Appellant was convicted of reckless injury to a child. After the trial,
appellant filed a motion for a new trial. Appellant presented three affidavits at the hearing
for a new trial. No witnesses testified at the hearing. The first affidavit, signed by her
husband, Senon, stated he put the baby in the car, and he was "not able to be candid and tell
the whole truth" during trial. Furthermore, he asserted, "I know that my wife did not know
the baby was in the car." The trial court denied the motion for new trial.

 DISCUSSION


 Newly Discovered Evidence

 In her first point of error, appellant claims that the trial court abused its discretion by
denying her motion for a new trial based on newly discovered evidence. The standard of
review for denying a motion for new trial based on newly discovered evidence is abuse of
discretion. Lewis v. State, 911 S.W.2d 1, 7 (Tex. Crim. App. 1995); State v. Gonzalez, 855
S.W.2d 692, 696 (Tex. Crim. App. 1993). We do not substitute our judgment for that of the
trial court, but rather decide whether the trial court's decision was arbitrary or unreasonable. 
Drew v. State, 743 S.W.2d 207, 225-226 (Tex. Crim. App. 1987); Ashcroft v. State, 918
S.W.2d 648 (Tex. App.--Waco 1996, pet. ref'd). 

 A trial court's decision whether to grant a motion for new trial based on newly
discovered evidence is governed by article 40.001 Texas Code of Criminal Procedure. 
Article 40.001 states, "A new trial shall be granted an accused where material evidence
favorable to the accused has been discovered since trial." Tex. Code Crim. ProC. Ann. art.
40.001. (Vernon 2001). New trials based on newly discovered evidence are not favored. Drew v. State, 743
S.W.2d 207, 225 (Tex. Crim. App. 1987). The requirements to obtain a new trial upon newly
discovered evidence or unavailable evidence are (1) the newly discovered evidence was
unknown to the movant at the time of trial; (2) the movant's failure to discover the evidence
was not due to his want of diligence; (3) the evidence is admissible and not merely
cumulative, corroborative, collateral, or impeaching; and (4) the evidence is probably true
and would probably bring about a different result in another trial. Id. at 226.

 On appeal, appellant claims that because her husband would not admit at trial that he
placed Senon, Jr. in the car, the evidence was unavailable. At trial, appellant testified that
she was "positive" she did not take the baby out to the car, and she did not put the baby in
the car seat. Senon testified that he did not know if he put the baby in the car, and "it could
be" possible that he did. Both appellant and Senon's testimony confirm that they were the
only two people out by the car, and one of them must have put the baby in the car seat. A
large part of the defense's theory at trial rested on the fact that appellant did not place the
baby in the car, and that her husband, Senon, did. Thus, the evidence that Senon put the baby
in the car was known to the appellant at the time of trial, and she fails to meet the first
requirement to admit newly discovered evidence. The trial court did not abuse its discretion
by denying appellant's motion for new trial. Accordingly, we overrule appellant's first point
of error.

Legal and Factual Sufficiency of the evidence. 

 In her second point of error, appellant claims that the evidence is legally and factually
insufficient to support her conviction. Specifically, appellant claims that she did not know
her son was in the car with her at the time she stopped and found alternate transportation. 
We review legal sufficiency in the light most favorable to the verdict to determine if any
rational trier of fact could have found the elements of the crime beyond a reasonable doubt. 
See Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, (1979). Such a verdict
must stand unless it is found to be irrational or unsupported by more than a "mere modicum"
of the evidence, with such evidence being viewed under the Jackson light. Moreno v. State,
755 S.W.2d 866, 867 (Tex. Crim. App. 1988). Under a factual sufficiency analysis, we
review all the evidence without the prism of "in the light most favorable to the verdict." 
Clewis v. State, 922 S.W. 2d 126, 129 (Tex. Crim. App. 1996). However, a conviction will
not be set aside unless the verdict is so contrary to the overwhelming weight of the evidence
as to be clearly wrong and unjust. Id.

 Appellant was charged with reckless injury to a child. The Texas Penal Code defines
recklessness as:

 A person acts recklessly, or is reckless, with respect to circumstances
surrounding his conduct or the result of his conduct when he is aware of but
consciously disregards a substantial and unjustifiable risk that the
circumstances exist or the result will occur. The risk must be of such nature
and degree that its disregard constitutes a gross deviation from the standard of
care that an ordinary person would exercise under all the circumstances as
viewed from the actor's standpoint.


Texas Pen. Code Ann. § 6.03(c). (Vernon 2001). 


Appellant claims that since she was unaware the baby was in the car, she could not have
consciously disregarded a substantial risk. At trial, both appellant and Senon testified that
they argued by the car before she left. Senon also testified to slamming the rear driver's side
door while appellant was in the car. In addition, the baby was in his carseat when he was
found, and it is unlikely, regardless of who put the baby in the car, appellant would remain
unaware of the baby's being carried out and secured in the back seat. Finally, appellant told
the police afterwards, in a taped confession, "I forgot the baby. I don't know how I could
have forgotten the baby." In her confession, appellant also stated that she "got the kids and
left," and she asked the limosine driver if she would give her and "the babies a ride home."
Even if appellant did not place the baby in the car herself, the evidence still supports that she
knew the baby was there, but forgot him when she and Cassandra got a ride home. 

 Whether appellant or her husband placed the baby in the car, it is reasonable that the
jury would believe that appellant was aware the baby was in the car. We find that leaving
an eight-month-old baby in a car overnight consciously disregards a substantial risk. 
Viewing the record in the light most favorable to the verdict, the jury could have rationally
determined beyond a reasonable doubt that appellant is guilty of reckless injury to a child. 
Even without the prism of "in the light most favorable to the verdict," we find that the verdict
is not so contrary to the overwhelming weight of the evidence. We overrule appellant's
second point of error. 

 We affirm. 


 



 Sam Nuchia

 Justice


Panel consists of Justices Mirabal, Nuchia, and Price. (1)

Do not Publish. Tex. R. App. P. 47.
1. The Honorable Frank C. Price, former Justice, Court of Appeals, First District of
Texas at Houston, participating by assignment.