Jackie Russell Keeter v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-169-CR

     JACKIE RUSSELL KEETER,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 220th District Court
Hamilton County, Texas
Trial Court # 6978
                                                                                                                
                                                                                                         
DISSENTING OPINION
                                                                                                                

      The majority determines that a Brady violation occurred which requires reversal of this case. 
I do not know why the majority is even addressing this issue. It was not preserved for our review. 
Once again, I find myself writing a dissent in this case. See Keeter v. State, 43 S.W.3d 667 (Tex.
App.—Waco 2001) (Gray, J., dissenting), rev’d 74 S.W.3d 31 (Tex. Crim. App. 2002).
      Rule 33.1 provides that as a prerequisite to presenting a complaint for appellate review, the
record must show that:
(1) the complaint was made to the trial court by a timely request, objection or motion
that:
 
(A) stated the grounds for the ruling that the complaining party sought from the
trial court with sufficient specificity to make the trial court aware of the complaint, unless
the specific grounds were apparent from the context; and 

***
(2) the trial court:
 
(A) ruled on the request, objection, or motion, either expressly or implicitly; or 
(B) refused to rule on the request, objection, or motion, and the complaining
party objected to the refusal.

Tex. R. App. P. 33.1. To be timely, a complaint must be made as soon as the grounds for
complaint is apparent or should be apparent. Wilson v. State, 7 S.W.3d 136, 146 (Tex. Crim.
App. 1999).
      Keeter’s entire motion for new trial is as follows:
Jackie Russell Keeter, Defendant, files this Motion for New Trial and shows:
The verdict in this cause is contrary to the law and the evidence.
Evidence establishing the defendant’s innocence was withheld by a material
prosecution witness.
 
Defendant prays that the Court set aside the judgment of conviction entered in this
cause and order a new trial on the merits.

(C.R. 2nd Supp. 93). This motion does not raise a contention that a Brady violation occurred.
Keeter contended a witness withheld evidence, not the State. Keeter waived his complaint.
      The majority cites two cases as examples of when a complaint of a Brady violation is
preserved. I disagree with the majority’s manner of using these cases in its analysis. The majority
cites McFarland v. State for the proposition that a Brady violation complaint is preserved when
urged by a pre-trial discovery motion. McFarland v. State, 928 S.W.2d 482 (Tex. Crim. App.
1996), overruled on other grounds, 983 S.W.2d 249, 263 (Tex. Crim. App. 1998). However, the
Court of Criminal Appeals did not decide whether the issue was preserved. It assumed, arguendo,
that the defendant preserved the issue and overruled the issue. Id. at 511. The majority next cites
Nickerson v. State, proposing that a Brady violation complaint is preserved by a motion for
mistrial during the punishment phase of the trial. Nickerson v. State, 69 S.W.3d 661 (Tex.
App.—Waco 2002, pet. ref’d). Nickerson did not decide or discuss preservation and should not
be used as an example of when a Brady violation complaint is preserved. Id. at 672-676.
      Now, some may contend that Keeter’s alleged Brady violation claim was stated with sufficient
specificity in the motion to make the trial court aware of the complaint, or that the Brady violation
claim was apparent from the context of the attachments to the motion or from the testimony
supplied at the hearing on the motion for new trial. See Tex. R. App. P. 33.1(1)(A). Rhonda
King, the victim’s step-mom, declared in her notarized statement that she told the District
Attorney, “that I did not believe that Jackie had not done what Jessica said.” Of course, this
double negative turns into a positive statement of belief, but from the tenor of statement, the
second “not” was probably a mistake. If this statement was sufficient to put the trial court on
notice that a Brady violation complaint was contemplated, then it should have been in the motion
as a ground for relief. It was not a ground for relief. A new trial may be granted on grounds not
enumerated in the rules of appellate procedure. See State v. Gonzalez, 855 S.W.2d 692, 694 (Tex.
Crim. App. 1993). I contend that Rhonda’s statement was not sufficient to raise the issue for the
trial court.
      Travis and Rhonda King both essentially testified


 at the motion for new trial hearing that they
told the District Attorney prior to trial that they did not believe Jessica’s accusation against Keeter. 
Keeter’s attorney also testified and stated that the State did not tell her Travis and Rhonda did not
believe Jessica’s accusations. There was no argument by either party at the conclusion of the
testimony. Did the Kings’s testimony or the defense attorney’s testimony sufficiently put the court
on notice that a Brady claim was contemplated? If Keeter’s counsel (1) had not determined that
a Brady violation occurred when she filed her motion for new trial, and (2) if counsel then
discovered during the hearing that a potential Brady violation occurred, then counsel should have
objected at the point she discovered the potential Brady violation. See Wilson v. State, 7 S.W.3d
136, 146 (Tex. Crim. App. 1999). Counsel did not, I contend, because she did not contemplate
the claim. If counsel did not contemplate the claim, how could the trial court?
      If this is not enough, let’s look at how the trial court ruled. In a letter


 to the parties, the trial
court stated:
I have finally had a chance this afternoon to review your submissions of case authority
in connection with this motion for new trial. I don’t find the new testimony that recants
the trial testimony to be credible. To do so would require me to believe that this young
child made up her testimony because her (younger!!!) sister told her she would have to
make something up about the defendant so she could get to go and spend the summer with
her dad, when she did not previously know her dad was coming and when she had not
seen him in two years.
 
Accordingly the motion for new trial is denied and IT IS SO ORDERED.

There is absolutely no discussion about a potential Brady violation, which leads me to believe it
was not raised, argued, or otherwise considered and certainly was never ruled on.
      Based on this record, the issue of a Brady violation was not stated with sufficient specificity
to make the trial court aware of the complaint, was not apparent from the context of the motion
or the testimony at the motion for new trial hearing, and was not ruled on by the trial court. Thus,
it was not preserved and we should not be reversing a case on an unpreserved issue. Because the
majority does so, I respectfully dissent.



 
                                                                   TOM GRAY
                                                                   Justice

Dissenting opinion delivered and filed January 8, 2003
Publish