NO. 07-11-0365-CR
NO. 07-11-0366-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 4, 2013
_____

VERONICA ANASTASIA GARCIA,

Appellant

V.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NOS. 61,696-A & 62,609-A; HON. DAN L. SCHAAP, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant, Veronica Anastasia Garcia, appeals her convictions for possession with intent to deliver and possession of a controlled substance. Through a single issue, appellant contends she received ineffective assistance of counsel. We affirm.

**Background**

Appellant pled guilty to both charges without the benefit of a plea bargain. She further went to the trial court for punishment. During the punishment portion of the trial,

the State called one witness, Bill Redden with the Amarillo Police department, who testified regarding appellant's involvement in the two offenses charged. Appellant also testified on her own behalf. No other witnesses were called. The trial court assessed punishment at eight years for each of the charged offenses to run concurrently. A motion for new trial was filed based on ineffective assistance of counsel and a hearing was held.

At the motion for new trial hearing, appellant testified that approximately a month prior to the guilty plea, she received correspondence from trial counsel advising her of counsel's appointment. Appellant then called counsel and spoke to her on the phone for about ten minutes. Later, appellant received a call from counsel advising her of her court date. Subsequently, according to appellant, her next contact with counsel was on the day of the plea hearing. Furthermore, she had no discussion with counsel regarding trial strategy or calling witnesses on her behalf. Nor was there prior discussion of her pleading guilty until the day of the plea. According to appellant, she had asked counsel whether probation was a possibility to which counsel never responded.

Appellant also introduced three affidavits from Dale Woods, Oralia Garcia and Rosalinda Baca. All, according to appellant, would have testified in her behalf had they been called to do so. On cross-examination, appellant admitted that she worked with all three at Sanborn Elementary where she was a teacher, but had never told them that she was dealing drugs at the school. She also admitted that she had met with counsel at her office prior to the plea hearing. Furthermore, she did not tell counsel of the three potential witnesses because counsel never asked. Appellant admitted that there was prior discussion about her testimony which included her work history, family and

2

education and that probation or prison was potential punishments. And, she agreed that the information contained in the three affidavits was information she testified to at the plea hearing.

Trial counsel testified at the hearing. She stated that she was appointed to represent appellant in both causes. She made initial contact with appellant by letter notifying her of the appointment. She reviewed the information in the district attorney's file and obtained contact information. Counsel attempted to make contact with appellant and left messages which were never returned. She subsequently contacted appellant's bonding company to obtain more recent contact information. Counsel testified that she finally spoke with appellant on the phone and later met with her in person. In all, counsel met with appellant twice and spoke with her on the phone on at least four occasions, according to her testimony. Appellant also cancelled a couple of appointments and counsel called her trying to get her to meet with her. In her meetings with appellant, counsel stated that they discussed possible witnesses to testify for her and one potential witness was her mother with whom she was living and could verify that appellant had stopped using drugs. Up until the day before the hearing, appellant assured counsel that her mother would be present at the hearing to testify and there was no need to issue a subpoena. However, the record is unclear on whether appellant's mother was at the plea hearing. Appellant and trial counsel also discussed possible coworkers from the school testifying on her behalf and appellant stated that "she didn't feel happy about that or very secure about that as she had been fired." Furthermore, she had been using drugs during her tenure at the school and counsel was "reluctant" to place that testimony before the court.

On cross-examination, counsel testified that even though she knew the fact that appellant was a teacher using and dealing drugs while she was at school, she did not call her coworkers as witnesses because witnesses can emphasize the negative more than emphasizing the positive and it was trial strategy to not call coworkers who were teachers at the school. When appellate counsel asked her what was her strategy in not speaking to any character witnesses, trial counsel responded that "my strategy was that my client sat and told me that she was fired from her job and that there was not anyone that she knew of that could have anything nice to say about her."

Upon closing argument, the trial court posed what we believe is the heart of the matter in the ineffective assistance analysis wherein appellate counsel tendered three affidavits as opposed to live witnesses. The trial court asked the following of defense counsel: "Do you have to show that it [the three witnesses' testimony] would have changed your opinion if you had done the investigation . . . or . . . is it simply the failure to do the investigation that establishes some ineffectiveness? In other words, is there an outcome at the end of that investigation? Do we have to consider whether the outcome would have changed? I've got these affidavits in front of me, but each and every one of these persons would have been subject to cross-examination and that cross-examination might have been very effective and not very helpful to your client. And if that was the case, do I - - do I just consider the fact that the investigation wasn't done, or do I consider the potential outcome of what might have happened if these folks had been presented?" After taking the matter under advisement, the trial court made the following ruling: ". . . given that the Court was the finder of fact with respect to the sentence to be imposed for [appellant's] felonies, the Court is in a better position to

judge the impact of such testimony [from the three coworkers] than would be the case if the sentence had been imposed by a jury. On balance, the Court does not find that the addition of such testimony would have influenced the Court to reach a different conclusion with respect to the appropriate sentence to be imposed under the circumstances of the two felonies that were committed by [appellant]." The trial court, further, entered an order denying the motion for new trial.

### *Issue – Ineffective Assistance of Counsel*

Appellant contends that counsel was ineffective because she failed to investigate to determine whether there was any mitigating evidence. We disagree and overrule the issue.

*Standard of Review*

The decision on a motion for new trial rests within the sound discretion of the trial court and, in the absence of an abuse of discretion, should not be reversed. *State v. Gonzalez,* 855 S.W.2d 692, 696 (Tex. Crim. App. 1993) (plurality opinion). In considering a motion for new trial, the trial court possesses broad discretion in determining the credibility of the witnesses and in weighing the evidence to determine whether a different result would occur upon retrial. *Dusenberry v. State*, 915 S.W.2d 947, 949 (Tex. App.–Houston [1st Dist.] 1996, pet. ref'd); *Messer v. State*, 757 S.W.2d 820, 827 (Tex. App.–Houston [1st Dist.] 1988, pet. ref'd) (opinion on reh'g).

When confronted with an ineffective assistance of counsel claim, we apply the two-pronged analysis set forth by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986) (adopting *Strickland* as applicable

5

standard under Texas Constitution).  Under the first prong of the *Strickland* test, an appellant must show that counsel's performance was "deficient."  *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052.  "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  To be successful in this regard, an appellant "must show that counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688, 104 S.Ct. 2052.  Under the second prong, an appellant must show that the deficient performance prejudiced the defense.  *Id.* at 687, 104 S.Ct. 2052.  The appropriate standard for judging prejudice requires an appellant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694, 104 S.Ct. 2052. Appellant must prove both prongs of *Strickland* by a preponderance of the evidence in order to prevail.  *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000*).*

Judicial review of an ineffective assistance of counsel claim must be highly deferential to trial counsel and avoid using hindsight to evaluate counsel's actions.  *Ex parte Ellis*, 233 S.W.3d 324, 330 (Tex. Crim. App. 2007) (citing *Ingham v. State*, 679 S.W.2d 503, 509 (Tex. Crim. App.1984)).  Any allegation of ineffective assistance of counsel must be firmly founded in the record and the record must affirmatively demonstrate the alleged ineffectiveness.  *Bahr v. State,* 295 S.W.3d 701, 710 (Tex. App.–Amarillo 2009, pet. ref'd).  Appellate courts look to the totality of the representation and the particular circumstances of each case in evaluating the effectiveness of

6

counsel. *Id.* It is possible that a single egregious error of omission or commission by appellant's counsel constitutes ineffective assistance. *Id.*

*Analysis*

Appellant contends that trial counsel failed to investigate because she was afraid that she would find evidence negative to her case. In support of the effects of counsel's failure to investigate had on the outcome, appellant presented three affidavits from coworkers. However, trial counsel testified at the motion for new trial hearing that when appellant was asked about calling coworkers on her behalf she did not want to do that. Trial counsel, further, testified that she did not pursue this line of evidence because it would emphasize that most of appellant's bad conduct occurred while she was a teacher at an elementary school. Therefore, there was no need for appellant's trial counsel to interview additional character witnesses for punishment because counsel and appellant had decided not to expose any of the potential witnesses to cross-examination. Appellant has not overcome the presumption that, under the circumstances, the decision not to investigate witnesses further or call them during the punishment phase was sound trial strategy. Thus, we hold that the performance of appellant's trial counsel was not deficient during the punishment phase of trial. Having held that counsel's performance was not deficient under the first prong of *Strickland*, we need not reach the second prong.

Accordingly, we affirm the judgments of the trial court.


Brian Quinn
Chief Justice

Do not publish.

7