NO. 07-03-0508-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



APRIL 5, 2004


______________________________



MARIO DOMINGUEZ, 



 Appellant


v.



THE STATE OF TEXAS, 


 

 Appellee

_________________________________



FROM THE 242ND DISTRICT COURT OF HALE COUNTY;



NO. B13640-0002; HON. ED SELF, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Appellant Mario Dominguez appeals from a judgment revoking his probation. 
Through one issue, he asserts that the trial court abused its discretion by denying his
motion for new trial. We affirm the judgment of the trial court. 

Background


 Appellant was originally convicted for possessing cocaine and sentenced to two
years imprisonment in a state jail facility. However, the trial court suspended the sentence
and placed him on community supervision for three years. Thereafter, the State moved
to revoke his community supervision. Kregg Hukill was appointed as his attorney, and a
hearing was set for October 6, 2003. Thereafter, appellant's wife retained Peter Clarke to
represent him. Clarke filed an appearance on September 12, 2003, and a hearing on the
motion to revoke was held later that same day with Clarke appearing on behalf of
appellant. At the hearing, appellant pled true to five of the seven alleged violations. The
court then revoked his probation and imposed the original sentence. 

 Appellant timely moved for a new trial. In his motion, he asserted that his plea was
involuntary, that he received ineffective assistance of counsel, and that the interests of
justice entitled him to a new trial. The court convened a hearing on the motion. Thereat,
appellant testified that he was not prepared for the revocation hearing, that he had only
spoken with Clarke for five to ten minutes before the hearing, that his attorney and the
probation officer led him to believe that his probation would be reinstated, and that some
of the allegations in the motion to revoke were inaccurate, despite his plea of true to them. (2)
However, while undergoing examination by the trial court, appellant admitted that he did
not tell his attorney that he felt unprepared because he was willing to have his probation
reinstated. So too did he admit 1) that neither his attorney nor the probation officer
"promised" reinstatement and 2) that he had previously told the trial court no one promised
him anything and he was pleading true to various of the allegations in the motion to revoke
because they were true. 

 Clarke also testified at the hearing on the motion for new trial. He indicated that he
had spoken with appellant for 15 to 20 minutes. However, not much preparation was
needed, in his view, because the grounds for revocation did not involve any new criminal
charge. Furthermore, the main issue involved appellant's departure from Hale County to
San Antonio to attend a drug rehabilitation program. And, when asked if he believed
appellant's pleas of true were voluntary, Clarke answered that he did since he had spoken
with his client about the allegations. 

Analysis


 Whether to grant a new trial lies within the discretion of the trial court. State v.
Gonzalez, 855 S.W.2d 692, 695-96 (Tex. Crim. App. 1993). Thus, we cannot reverse its
decision unless its discretion was abused. Id. Here, appellant contends that the trial court
abused its discretion by denying a new trial since 1) the revocation hearing occurred earlier
than originally scheduled, 2) he was unprepared and could have called other witnesses to
testify, and 3) he pled true to "some of the allegations" in the motion to revoke because he
believed he would be reinstated. We address each in turn, starting with the last one.

 Whether appellant mistakenly pled true to some of the allegations did not render the
decision to revoke baseless. This is so because the State presented evidence illustrating
that he did not comply with at least one condition of probation. It related to his remaining
in Hale County unless given prior permission to leave. Appellant's probation officer
testified that she refused to give appellant permission to go to San Antonio until he
completed his community service. Yet, he left anyway and before completing that service. 
This is some evidence (independent of appellant's own plea of true) upon which the trial
court could have not only found an allegation in the motion to be true but also revoked his
probation. And, all that was needed was proof that one ground was true for the court to
grant revocation. Moore v. State, 11 S.W.3d 495, 498 (Tex. App.--Houston [14th Dist.]
2000, no pet.) 

 As to the matter of the revocation hearing being held earlier than originally
scheduled, no one uttered any objection before or at the proceeding. No one moved for
a continuance. Nor did anyone tell the trial court that they were unprepared. Moreover,
counsel for appellant believed that additional time was unnecessary given the allegations
in the motion to revoke. So too did Clarke succeed in having appellant's probation officer
testify in a manner favorable to reinstating him on probation. Indeed, she did so despite
having initially told the trial court that she was withholding any recommendation about
reinstatement. And, that testimony undoubtedly served to foster the one trial strategy
being pursued by defense counsel, i.e. reinstatement to probation, even though the
strategy ultimately proved unsuccessful. Given this, we cannot say that the trial court erred
in refusing a new trial because appellant was supposedly unprepared to defend himself at
the revocation hearing.

 As to the allegation about his desire to present other witnesses, appellant failed to
disclose both their identity and the substance of their testimony. That is pivotal information
when attempting to induce the trial court to grant a new trial for the purpose of presenting
favorable evidence. Moreover, without it, a trial court could hardly be found to have
abused its discretion by failing to accord one opportunity to secure or present evidence the
relevance of which it knew little to nothing. 

 Finally, and to the extent that appellant may suggest that his pleas of true were
involuntary since he was misled into believing he would be reinstated to probation, he
ultimately said that he had not been promised anything. So too did he admit that he
understood that reinstatement lay entirely within the trial court's discretion. Thus, the
evidence underlying his complaint about being misled was and is ultimately wanting. 

 Appellant's issue is overruled, and the judgment of the trial court is affirmed.


 Brian Quinn 

 Justice

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 
2. The record shows that while appellant's probation officer made no recommendation as to whether
his probation should be reinstated, the tenor of her testimony was that he would most likely be a good
candidate for reinstatement. 



ed="false" Name="Light Shading Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0329-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL C

 

JANUARY 27, 2011

 

______________________________

 

 

ANTHONY PEREZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 137TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2009-424,441; HONORABLE CECIL G. PURYEAR, JUDGE

 

_______________________________

 

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

OPINION

Following a plea of not guilty,
Appellant, Anthony Perez, was convicted by a jury of possession of less than
one gram of cocaine, with intent to deliver, in a drug-free zone, enhanced by a
prior felony conviction for retaliation. 
The offense was a second
degree felony punishable by confinement for any term of not more than 20 years
or less than 2 years and a fine not to exceed $10,000.  Tex. Penal Code Ann. § 12.33
(West Supp. 2010).[1]  Appellant's punishment was assessed at twenty years confinement and a $10,000 fine.  Presenting two issues, Appellant maintains the
evidence is legally and factually insufficient to support the jury's finding
that he possessed, with intent to deliver, a controlled substance in a
drug-free zone, i.e., within 1,000 feet of any real property that was owned,
rented, or leased to a school or school board. 


Background Facts

On July 21, 2009, undercover
officers set up a buy at a local motel known for heavy narcotics traffic.  At approximately 1:00 p.m., Officer Michael
Chavez, a narcotics investigator in an undercover role, rode his bicycle to the
southeast parking lot of the motel and observed multiple subjects on the
southeast stairwell.  The officer made
contact with Appellant, who was standing on the stairwell landing.  In street language, the officer asked if
anyone had drugs and Appellant asked him what he needed.  Using street jargon, the officer asked for a
twenty dollar rock of crack.  He gave
Appellant two ten dollar bills, and Appellant and three other individuals left
the stairwell and proceeded toward the interior of the building to a hallway
area.  Appellant returned and placed a
single crack rock on the railing near where the officer's bicycle was
located.  The officer grabbed the rock,
put it in his shirt pocket, and left.  He
alerted other officers and a take-down team moved in and arrested Appellant.

Appellant contends the evidence is legally
and factually insufficient to prove the punishment enhancement for possession
with intent to deliver within "1,000 feet of any real property that is owned,
rented, or leased to a school . . . ."[2]  Specifically, he argues that the State failed
to introduce property records regarding ownership of Hodges Elementary
School.  

I.  Sufficiency Standard of Review

            The Texas Court of Criminal Appeals has recently held that the only
standard that a reviewing court should apply in determining whether the
evidence is sufficient to support each element of a criminal offense the State
is required to prove beyond a reasonable doubt is the standard set forth in Jackson
v. Virginia, 443
U.S. 307, 33 S.Ct. 2781, 61 L.Ed.2d 560 (1979).  See
Brooks v. State, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010)[3]  Under
that standard, in assessing the sufficiency of the evidence to support a
criminal conviction, this Court considers all the evidence in the light most
favorable to the verdict and determines whether, based on that evidence and
reasonable inferences to be drawn therefrom, a rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319; Brooks, 323 S.W.3d at 912.  We
measure the legal
sufficiency of the evidence by the elements of the offense as defined by a
hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997).  In our review, we must evaluate all of the
evidence in the record, both direct and circumstantial, whether admissible or
inadmissible.  Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), cert.
denied, 529 U.S. 1131, 120 S.Ct. 2008, 146 L.Ed.2d 958 (2000). 

II.  Applicable Law

As
indicted, the State was required to prove that Appellant possessed, with intent
to deliver, less than one gram of cocaine within 1,000 feet of a school,
specifically, Hodges Elementary School. 
Tex. Health & Safety Code Ann. § 481.134(d)(1)
(West 2010).[4]  The principles of Malik apply to the affirmative findings necessary to sustain the
imposition of an enhancement provision.  Young v. State, 14 S.W.3d
748, 750 (Tex.Crim.App. 2000).  The
State presented testimony from three witnesses to prove that Appellant sold
cocaine in a drug-free zone.  

III.  The Testimony and Evidence

            A.
 Skipper Wood

            Skipper Wood, a civil engineer with the City of Lubbock with eighteen
years experience, testified that in determining what constitutes a drug-free
zone, he utilizes a "straight line kind of thing," a geographic
information system that shows everything to scale on city computers, or Google,
"which is pretty accurate . . . ." 
He added that he uses whatever is necessary in making his
determination.  

            Wood was asked to determine if Appellant sold the cocaine
to Officer Chavez within 1,000 feet of Hodges Elementary School.  The specific location of the transaction was
verified as being the stairwell adjacent to Room 135 of the motel.  According to Wood, he began his measurement
at the property line for Hodges Elementary School and created a 1,000 foot arc
from that point.  He calculated that the
stairwell at the motel where the cocaine was sold was 950 feet from the
school's property line.

            B.
 Officer Michael Chavez

During
Officer Chavez's testimony, the State introduced Exhibit 4,[5]
a satellite photograph depicting the area where Officer Chavez had purchased
the cocaine and Hodges Elementary School. 
He testified to his opinion that based on his training and experience,
the location where the buy was made fell within a drug-free zone.

            C.
 Officer Rick Maldonado

            Officer Maldonado was a member of the take-down team
assigned to the undercover operation at the motel.  During direct examination, he affirmatively
responded when asked if he knew that the location of the transaction was a
drug-free zone.

III.  Analysis

Appellant urges
on appeal that none of the State's witnesses testified that the real property
on which Hodges Elementary School is located is "owned, rented, or leased
to a school or school board" as required by the plain language of § 481.134(d)(1).  Comparing the
elements of § 481.134(c) (which does not apply to offenses punishable under § 481.112(b)) with those of § 481.134(d) (which
specifically applies to offenses punishable under § 481.112(b)),[6]
Appellant asserts the Legislature intended to require proof of ownership as an
additional independent element in cases punishable under § 481.112(b).  He concludes that
proof of a defendant's physical distance from a particular "premises,"
without proof that the property is "owned, rented, or leased to a school
or school board," is insufficient to establish the "ownership"
element of § 481.134(d)(1).

In deciding
what hypothetically correct jury charge to apply in Young v. State, 14 S.W.3d at 751, the Texas Court of Criminal
Appeals reviewed the legislative history of § 481.134.  That section was amended twice in 1995.  Effective May 30, 1995, various enhancement
subsections were added and effective September 1, 1995, the Legislature
abandoned the former doubling of the minimum term of confinement scheme in
favor of an increased-grade approach already employed by several of the new
subsections.  See id. at 751-52.  The Court concluded that
because both amendments were enacted by the same session of the Legislature,
the amended subsections could be harmonized. 
Id. at 752.  Essentially, as they currently exist,
subsections (b), (d), (e), and (f) of § 481.134 are
enhancement provisions whereas subsection (b) sets a minimum term of
confinement without increasing the grade of the offense.  

While we do
not disagree with Appellant that the State did not present evidence of ownership
of Hodges Elementary School, the Court noted in Young v. State, that "the name of the premises alone may be
sufficient to raise a presumption that it is a private or public elementary or
secondary school."  14 S.W.3d at 754.  Additionally,
just as in Young, the State presented
a map created by a municipal engineer for the purpose of showing the location
and boundaries of the drug-free zone.  Id. 
At a minimum, the map is probative evidence of the drug-free zone
boundaries.  Id.

The
presumption created by Young,
together with the testimony summarized above and reasonable inferences drawn
therefrom, when viewed in the light most favorable to the verdict, was
sufficient to allow a rational jury to have found beyond a reasonable doubt that
Appellant committed the charged offense within 1,000 feet of real property
owned, rented, or leased to a school or school board.  Appellant's first issue is overruled and his
second issue is pretermitted by Brooks.  323
S.W.3d at 912.

Conclusion

Consequently,
the trial court's judgment is affirmed. 

 

                                                                                    Patrick A. Pirtle

                                                                                          Justice

 

 

Publish.

 











[1]Possession of less than one gram of cocaine, with intent to
deliver, is a state jail felony.  See Tex. Health and Safety Code Ann. §
481.112(b) (West 2010).  An offense
otherwise punishable as a state jail felony under § 481.112(b), committed in a
drug-free zone, is a felony of the third degree.  See Tex.
Health and Safety Code Ann. § 481.134(d)(1) (West
2010).  A third degree felony enhanced by
a prior felony conviction is punishable as a second degree felony.  See Tex.
Penal Code Ann. § 12.42(a)(3)  (West Supp. 2010).  

 





[2]Appellant does not challenge the sufficiency
of the evidence to prove that he possessed less than one gram of cocaine with
intent to deliver.

 





[3]Judge
Hervey delivered the opinion in Brooks,
joined by Judges Keller, Keasler, and Cochran; and,
Judge Cochran delivered a concurring opinion, joined by Judge Womack.  Although we are not bound by a decision of
four judges, Pearson v. State, 994
S.W.2d 176, 177 n.3 (Tex.Crim.App. 1999), we read the combined opinions of
Judges Hervey and Cochran in Brooks
as abandoning factual sufficiency as an evidentiary sufficiency standard of
review distinct from legal sufficiency.





[4]According to Tex. Health & Safety
Code Ann. § 481.134(a)(5) (West 2010), a school means a private or public
elementary or secondary school.  For
convenience, all future references to "§ __"
are references to the Texas Health & Safety Code Ann. (West 2010).





[5]Wood
testified that he created Exhibit 4 from an aerial photograph.

 





[6]§481.134(c) provides in
part, "[t]he minimum term of
confinement or imprisonment for an offense otherwise punishable under Section
481.112(c) . . . is increased by five years . . . if it is shown . . . that the
offense was committed: (1) in, on, or within 1,000 feet of the premises of a school . . . ."  As contrasted to § 481.134(d) which provides in part,
"[a]n offense otherwise punishable under Section 481.112(b) . . . is a
felony of the third degree if it is shown . . . that the offense was committed:
(1) in, on, or within 1,000 feet of any
real property that is owned, rented, or leased to a school or school board
. . . ."  (Emphasis added).