Lamberti v. SOT
















NUMBER 13-02-00432-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

RANDY LAMBERTI, II,                                                                 Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 130th District Court of Matagorda County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          A jury found appellant, Randy Lamberti, II, guilty of the offense of murder


 and
assessed his punishment at life imprisonment and a $10,000 fine. The trial court has
certified that this case “is not a plea-bargain case, and the defendant has the right to
appeal.” See Tex. R. App. P. 25.2(a)(2). In four issues, appellant contends the trial court
erred by: (1) overruling his objection to the prosecutor’s comment on his right to remain
silent; (2) allowing the victim’s mother to testify when she was not on the witness list; (3)
denying his motion for a mistrial when the victim’s mother had an emotional breakdown on
the stand; and (4) denying his motion for a mistrial when a juror saw him in restraints. We
affirm. 
A. Factual Background
          On September 7, 2000, appellant shot Munye Griggs on the left side of her chest
at his residence in Bay City. She was shot at close range and died shortly thereafter. After
he shot her, appellant drove to the Colorado River and threw the firearm into the water. 
The firearm was not recovered by the police. Appellant then returned to his residence. He
telephoned his mother, Sandra Cowart, told her he had shot Munye, and asked her to
come to his residence. When Cowart arrived, she found Munye in a sitting position. 
Munye did not have a pulse. Cowart called 9-1-1 for assistance. The police, as well as
EMS personnel, arrived soon thereafter.
B. Right to Remain Silent
1. Standard of Review
          In his first issue, appellant contends the trial court erred by overruling his objection
to the prosecutor’s comment on appellant’s right to remain silent. The standard of review
in determining whether a trial court erred in its admission of evidence is abuse of
discretion. Mozon v. State, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). An abuse of
discretion occurs when the trial court acts arbitrarily or unreasonably, without reference to
guiding rules or principles. Montgomery v. State, 810 S.W.2d 372, 380 (Tex. Crim. App.
1991). 
2. Applicable Law
          The failure to testify at trial shall not be used against any defendant, nor shall
counsel comment on the defendant’s right to remain silent and failure to testify. Tex. Code
Crim. Proc. Ann. art. 38.08 (Vernon Supp. 2004). Before a question is held to be a
comment that violates the right against self-incrimination, the language, when viewed from
the jury’s standpoint, must be either manifestly intended or of such a character that the jury
would necessarily and naturally take it as a comment on the accused’s failure to testify. 
Stoker v. State, 788 S.W.2d 1, 17 (Tex. Crim. App. 1989). The question referring to a
defendant’s right to remain silent must be clear. Id. An indirect or implied allusion to a
defendant’s failure to testify does not violate a defendant’s right to remain silent and will
not result in reversible error. Id. Calling attention to the absence of evidence that only the
defendant could supply will result in reversal only if the remark can only be construed to
refer to appellant’s failure to testify and not the defense’s failure to produce evidence. 
Fuentes v. State, 991 S.W.2d 267, 275 (Tex. Crim. App. 1999).
3. Analysis
          In the instant case, the complained-of “comment” was the prosecutor’s questions
to law-enforcement witnesses on direct examination regarding whether appellant had
explained: (1) the location of the weapon, (2) what had occurred on the day of the
shooting, and (3) whether it was an accident. The record reflects that during opening
statement, appellant’s attorney claimed he would show that appellant had told an officer
he needed to talk to someone, he had shot his girlfriend, and that it was an accident. On
direct examination, the prosecutor’s questions addressed whether appellant had indeed
made such statements. The questions called attention to evidence the defendant could
produce, but also could be construed as addressing the defense’s claim that it would
produce such evidence. Moreover, the State did not directly state or imply that appellant
failed to testify. 
          We do not conclude that the questions were manifestly intended, or were of such
a character that the jury would naturally and necessarily take them to be a comment on the
accused’s failure to testify. Accordingly, we hold the trial court was within its discretion in
overruling appellant’s objection. Appellant’s first issue is overruled. 
C. Failure to Include Witness on Witness List
          In his second issue, appellant contends the trial court erred in overruling his
objection on the basis of prejudice and surprise when the victim’s mother, Diane Griggs,
was allowed to testify after the State failed to include her name on the witness list.
          When a discovery order is signed in a case, all witnesses expected to testify at any
stage of the trial should be disclosed. See Young v. State, 547 S.W.2d 23, 27 (Tex. Crim.
App. 1977). When a trial court allows a witness to testify who does not appear on the
State’s witness list, we review the decision under an abuse of discretion standard. 
Hightower v. State, 629 S.W.2d 920, 925 (Tex. Crim. App. 1981). The factors we will
consider in determining abuse of discretion are whether the prosecutor’s actions
constituted bad faith or whether the defendant could reasonably anticipate the witness
testifying. Id. 
          The State included Griggs’s name on its initial potential witness list, but omitted her
name on four subsequent lists. The State explained that the omission was a clerical error
and took full responsibility for not ensuring that Griggs was identified on subsequent lists.
During voir dire, the State identified Griggs as a potential witness and asked the panel
whether they knew the Griggs family. Before trial, appellant acknowledged Griggs as a
potential witness and asked the trial court to swear her in as a potential witness and to
exclude her from the courtroom. Based on these actions, we find the State’s actions do
not constitute bad faith and appellant could reasonably anticipate that Griggs would testify. 
Accordingly, we hold it was within the court’s discretion to overrule appellant’s objection. 
Appellant’s second issue is overruled. 
D. Griggs’ Testimony
          In his third issue, appellant contends the trial court erred in denying his motion for
mistrial when Diane Griggs was allowed to testify and had a breakdown on the stand.
1. Standard of Review
          We review the trial court’s denial of a motion for mistrial under an abuse-of-discretion standard. State v. Gonzalez, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993). A
mistrial is a device used to halt proceedings when error is so prejudicial that expenditure
of further time and expense would be wasteful and futile. Ladd v. State, 3 S.W.3d 547,
567 (Tex. Crim. App. 1999). Whether a given error necessitates a mistrial is determined
by examining the facts of each case. Hernandez v. State, 805 S.W.2d 409, 414 (Tex.
Crim. App. 1990). Generally, a mistrial is only required when the improper evidence is
"clearly calculated to inflame the minds of the jury and is of such a character as to suggest
the impossibility of withdrawing the impression produced on the minds of the jury." Id. 
Conduct that interferes with the normal proceedings of a trial will not result in reversible
error unless the defendant shows, by reasonable probability, that the conduct interfered
with the jury's verdict. Stahl v. State, 749 S.W.2d 826, 827 (Tex. Crim. App. 1988) (op. on
reh’g); Landry v. State, 706 S.W.2d 105, 112 (Tex. Crim. App. 1985), overruled in part on
other grounds, Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). This
determination is made on a case-by-case basis. Landry, 706 S.W.2d at 112. Appellant
asserts the trial court erred in denying his motion for mistrial because Griggs’ emotional
victim-impact testimony during the guilt/innocence phase of the trial provided minimal
evidence but maximum jury effect.
2. Applicable Law
          In all prosecutions for murder, the State or the defendant shall be permitted to offer
testimony as to all relevant facts and circumstances surrounding the killing. Tex. Code
Crim. Proc. Ann. art. 38.36(a) (Vernon Supp. 2004). Trial judges have discretion to allow
juries to receive information from a proper preliminary inquiry into a witness's background
to enable the jury to assess the weight to be given the testimony and to evaluate the
witness's credibility. See Williams v. State, 604 S.W.2d 146, 148-49 (Tex. Crim. App.
1980); Ward v. State, 787 S.W.2d 116, 120 (Tex. App.–Corpus Christi 1990, pet. ref’d). 
          Generally there are two types of victim-related evidence: “victim impact” evidence
and “victim character” evidence. See Mosley v. State, 983 S.W.2d 249, 261 (Tex. Crim.
App. 1998). “Victim impact” evidence is evidence that is “generally recognized as evidence
concerning the effect that the victim’s death will have on others, particularly the victim’s
family members.” Id. “Victim character” evidence is evidence that is “generally recognized
as evidence concerning good qualities possessed by the victim.” Id. 
 
3. Analysis
          The testimony at issue here does not fall under either category of victim-related
evidence. Unlike the situation where evidence involves testimony regarding a victim’s good
qualities and the effect the death had on her family, the testimony in the present case did
not involve testimony about how third persons were affected by the crime, nor was there
any discussion about the good character of the victim. We find that appellant’s
characterization of Griggs’ testimony as victim-impact evidence is incorrect. 
          Appellant suggests that the victim’s mother's conduct interfered with the jury's
verdict, but he has not shown that the jury's deliberations and verdict were affected by the
emotional outbursts. Moreover, he has not shown that the objected-to conduct was the
result of prosecutorial misconduct. See Stahl, 749 S.W.2d at 827.
          The trial court was within its discretion in allowing Griggs to testify regarding whether
appellant contacted the victim before her death on September 7, 2000. The court was also
within its discretion in allowing Griggs to testify regarding her family.



          Accordingly, we hold the trial court was well within its discretion in denying
appellant’s motion for mistrial. Appellant’s third issue is overruled. 
E. Appellant Seen In Restraints
          In his fourth issue, appellant contends the trial court erred in denying his motion for
mistrial because a juror saw him in restraints. As we previously stated, the denial of a
motion for mistrial is reviewed under an abuse-of-discretion standard. See Gonzalez, 855
S.W.2d at 696.
          Requiring an accused person to wear handcuffs before the jury infringes the
constitutional presumption of innocence, and all efforts should be maintained to see that
this does not ever occur. Clark v. State, 717 S.W.2d 910, 918-19 (Tex. Crim. App. 1986). 
However, a momentary, inadvertent, and fortuitous encounter away from the courtroom
between a handcuffed accused and one or more of the jurors does not necessarily call for
a mistrial or reversal. Id. 
          In this instance, the trial court granted appellant’s motion to appear in court in
personal clothing without restraints. There was conflicting testimony from appellant and
the deputy officer escorting him regarding whether a juror actually saw appellant wearing
handcuffs outside the courtroom. Even if the juror saw appellant handcuffed outside the
courtroom, the record contains no evidence that the matter was discussed with the other
jurors or that it influenced the jury’s verdict. At most, the occurrence did not rise above a
momentary, inadvertent, and fortuitous encounter away from the courtroom. We hold it
was within the trial court’s discretion to deny appellant’s motion for mistrial. Appellant’s
fourth issue is overruled.
          The judgment of the trial court is affirmed. 

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
29th day of July, 2004.