**Affirmed and Memorandum Opinion filed February 21, 2013.**



In The

# Fourteenth Court of Appeals

### NO. 14-12-00139-CR

**TAO WU, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 1271986**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant, Tao Wu, of possession of a controlled substance, methamphetamine. In two issues, appellant contends the trial court erred by (1) failing to hold a hearing on his motion for new trial and (2) failing to grant his motion for new trial. We affirm.

## I. BACKGROUND

On July 26, 2010, Officer Lou proceeded undercover to a house purported to be a place of prostitution. Appellant allowed Officer Lou inside the house and then beckoned for a certain woman. The woman entered the room wearing lingerie and escorted Officer Lou to a private room. When Officer Lou believed he had enough evidence to support a prostitution arrest, he called Officer Williams, who was waiting nearby in a patrol car and wearing his police uniform. Officer Williams approached the house and knocked on the door. Appellant answered but then closed the door on Officer Williams. Officer Lou opened the door for Officer Williams, and they began asking those present for identification.

Appellant told the officers his identification was in his car. However, after Officer Williams was unable to locate appellant's identification in the car, appellant stated his identification was in his jacket. Appellant proceeded to a cabinet and reached for the jacket. After struggling with appellant for possession of the jacket, Officer Lou seized and searched it. Inside the jacket, Officer Lou found appellant's identification and a brown bag containing glass pipes and a substance determined to be methamphetamine. Appellant stated that he did not know what the items were and that they belonged to a friend. Appellant never disclaimed ownership of the jacket.

During trial, appellant called one witness, Yong Ye. Ye managed the house at the time of the incident (although, when asked if he knew it was a place of prostitution, he asserted his constitutional right against self incrimination). Ye testified that the pipes and methamphetamine did not belong to him but probably belonged to "one of the girls." When asked if these items belonged to appellant, Ye responded, "I'm pretty sure it's not his."

The jury convicted appellant, and the trial court sentenced him to two years

in state jail, probated. Appellant timely filed a motion for new trial based on newly discovered evidence. In support of his motion, appellant attached an affidavit in which Ye averred as follows:

> [During trial,] I testified that the Methamphetamine in question was not my drug and that I did not possess it. That testimony was incorrect.
>
> In fact, the truthful facts are that [appellant] on July 26, 2010 was doing work at the address at which he was arrested in this arrest. His wallet fell out of his pocket and he asked me to put it (the wallet) somewhere out of his way. I put it in jacket where I had put my Meth and the paraphernalia. [Appellant] did not know the drug was in my "members only" type jacket. [Appellant] saw me put the jacket in the cabinet.
>
> The Methamphetamine for which [appellant] was charged, belonged solely to me and [appellant] had no knowledge of its presence.

The trial court denied the motion without holding a hearing.

## II. HEARING ON MOTION FOR NEW TRIAL

In his first issue, appellant argues we should remand the case for the trial court to conduct an evidentiary hearing on his motion.

We review a trial court's denial of a hearing on a motion for new trial under the abuse-of-discretion standard. *Smith v. State*, 286 S.W.3d 333, 339 (Tex. Crim. App. 2009). We will reverse only when the trial court's decision was so clearly wrong as to lie outside the zone within which reasonable persons might disagree. *Id.* A trial court abuses its discretion by refusing to hold a hearing on a motion for new trial if the motion (1) raises matters that are not determinable from the record, and (2) establishes the existence of reasonable grounds showing that the defendant could be entitled to relief. *Id.*

3

First, appellant's motion raised an issue not determinable from the record—namely, that newly discovered evidence purportedly exists supporting a finding that he did not possess the methamphetamine.

Second, to determine whether reasonable grounds exist showing that appellant could be entitled to relief, we consider the elements he must establish to be entitled to a new trial based upon newly discovered evidence: (1) the newly discovered evidence was unknown or unavailable to the movant at the time of his trial; (2) the movant's failure to discover or obtain the evidence was not due to a lack of diligence; (3) the new evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching; and (4) the new evidence is probably true and will probably bring about a different result on another trial. *Marines v. State*, 292 S.W.3d 103, 110 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

If taken as true, Ye's recantation testimony that the methamphetamine and jacket belonged to him and not appellant would probably bring about a different result on another trial. Nevertheless, Ye was a defense witness, which differentiates this case from the usual instance in which it is a State witness (often the victim) who recants his testimony. *See, e.g.*, *Keeter v. State*, 175 S.W.3d 756, 757 (Tex. Crim. App. 2005) (victim recanted after trial); *Duke v. State*, 365 S.W.3d 722, 728 (Tex. App.—Texarkana 2012, pet. ref'd) (same). Furthermore, Ye testified at trial that he was appellant's friend—Ye was not called as a hostile witness.

Appellant did not attach any evidence to his motion proving he was unaware during trial that Ye was lying or that his failure to learn Ye's "true" testimony before calling him as a witness was not for lack of diligence. We recognize that, to be entitled to a hearing, the affidavit attached to a motion for new trial need not establish a *prima facie* case or even reflect every component legally required to

4

establish relief. *Smith*, 286 S.W.3d at 339; *McIntire v. State*, 698 S.W.2d 652, 659–60 & n.15 (Tex. Crim. App. 1985). However, we hold that a defendant requesting a new trial based on a non-hostile defense witness's recantation is not entitled to a hearing when the defendant fails to argue in his motion or provide any evidence establishing that he diligently attempted to learn the witness's true testimony before presenting him at trial. *See Smith*, 286 S.W.3d at 341 (holding defendant seeking new trial based on ineffective assistance of counsel is not entitled to hearing if he fails to allege facts from which trial court could reasonably conclude both prongs of ineffective-assistance test are satisfied).[1] Because appellant did not make such an argument or provide such evidence, he did not establish the existence of reasonable grounds showing he could be entitled to relief. Accordingly, appellant is not entitled to a hearing on his motion. We overrule appellant's first issue.

### III. RULING ON MOTION FOR NEW TRIAL

In his second issue, appellant contends the trial court erred by denying his motion for new trial. By concluding appellant is not entitled to a hearing on his motion, we have effectively determined the trial court did not err by denying the motion. *See Keeter*, 74 S.W.3d at 37 (Tex. Crim. App. 2002) ("The trial court has discretion to decide whether to grant a new trial based upon newly-discovered evidence," including when the "newly-discovered evidence is the retraction of a witness's testimony"). As noted above, appellant did not present evidence relative to several of the elements for establishing entitlement to new trial based on newly

---

[1] Appellant cites *United States v. Piazza*, in which the Fifth Circuit affirmed the trial court's grant of new trial based on a new witness's exculpatory testimony. 647 F.3d 559 (5th Cir. 2011). However, in that case, it appears the new-trial movant provided a detailed explanation in his motion regarding why he was unaware of the testimony at the time of trial and why he exercised due diligence in attempting to speak with the witness. *Id.* at 563–64.

discovered evidence.  *See Marines*, 292 S.W.3d at 110.  Thus, we overrule appellant's second issue.[2]

We affirm the trial court's judgment.

/s/     John Donovan
        Justice

Panel consists of Chief Justice Hedges and Justices Boyce and Donovan.

Do Not Publish — Tex. R. App. P. 47.2(b).

---

[2] Appellant also cites *State v. Gonzalez* as support for his contention that the trial court should have granted him new trial "in the interest of justice."  855 S.W.2d 692, 694–96 (Tex. Crim. App. 1993). However, the *Gonzalez* court did not hold that a trial court errs when it fails to grant a new trial in the interest of justice; instead, such a decision is within a trial court's discretion.  *Id.*